P. J. WILLIS & BRO. v. GREEN FERGUSON.

1. ESTATES OF DECEDENTS—EXECUTOR—JUDGMENT.—The validity of a judgment, rendered in a court of general jurisdiction, against one named in a will as executrix and sole legatee, after the failure of the executrix to file an inventory of the estate, which judgment recites that she is executrix, and directs the issuance of execution against the executor to sell the property of the estate to satisfy the judgment, however erroneous it may have been, had an appeal been prosecuted, is not a nullity, and cannot be attacked in a collateral proceeding.

2. SAME —When there has been long-continued action of such an ex-

ecutrix, in the obvious capacity of an independent executrix, after failure to return an inventory of the estate, as required by law, and neither the court having jurisdiction, nor creditors interested, have required a compliance with the statute, those who have, in good faith, acquired property of the estate, through the action of the executrix, as such, will not be permitted to suffer on account of a failure to file the inventory.

3. It was made the duty of the court by the law in force (Paschal's Dig., arts. 1294, 1295) to remove the executrix upon failure to return an inventory within sixty days from the grant of letters; and if creditors who were interested, and the court also, failed to require it, persons who acquired rights through her action in the capacity of executrix, should not be held to suffer an injury by her default, and by that of the court, in not furnishing a better security for her faithful discharge of duty.

4. DISTINGUISHED.—Distinguished from Langley v. Harris, 23 Tex., 564.

5. EVIDENCE—ADMINISTRATOR'S DEED.—A deed from an administrator was excluded from the jury, on objection being made that the grant of letters of administration to him was a nullity, because, prior to the issuance of letters, another person, named as executrix in the will, continued to discharge the duties of executrix, and no vacancy existed in the administration which would authorize the appointment of the grantor in the deed. The progress of the case disclosed, that the continuance of the party named as executrix, to discharge her duties as such, when the administrator was appointed, was a controverted fact: *Held*, That the exclusion of the deed was error.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

The opinion states the case.

*N. H. & J. R. Davis*, for appellees, on the conclusiveness of judgments, cited 10 Wall., 309, 581; Jackson v. De Lancey, 13 Johns., 537; Sutherland v. DeLeon, 1 Tex., 309; Mitchell v. Meuley, 32 Tex., 465; Withers v. Patterson, 27 Tex., 495.

*L. A. Abercrombie*, for appellee.—Was the appointment of an administrator, with the will annexed, void, for want of jurisdiction in the court to make it?—for nothing else will

make it void. When the court has jurisdiction of the subject-matter, every presumption is in favor of its judgment. (Townsend v. Munger, 9 Tex., 309.) That the court had jurisdiction of the subject-matter, will not be denied, if the will is not independent in its character. If independent, it is quite as evident that it had jurisdiction of the subject-matter after the expiration of sixty days from the date of appointment, the executrix having refused or declined to render an inventory. The court not only had jurisdiction to remove her, but it was its peremptory duty to do so. In this respect, this case will be found to differ widely and materially from the case of Griffith v. Frazier, 8 Cranch, 9, and the cases therein put by Chief Justice Marshall. The appointment of an administrator over the estate of a man who is living, is void, because the court has no jurisdiction of the subject-matter. So in the case where an executor has been appointed, and is in the discharge of his duties; also, when the court is not clothed with power to remove him—when the law vests in him the title to the personalty, of which he cannot be divested by the court of ordinary, but only by a court of chancery. (Fisk v. Norvel, 9 Tex., 13.)

Here the court has express power to remove; the executrix has no title as such in any of the property. She is not only not executing the trust, but she positively refuses to do so. The distinction is so obvious, to elaborate it further would seem to be disrespectful to the court.

In Withers v. Patterson, 27 Tex., 492, referred to by appellants in their brief, it will be seen that the estate had been fully administered, and the court, therefore, considering that the record showed there was no estate to be administered, held that grant of letters was as much a nullity as to grant letters of administration on a living man's estate.

Now, then, here is a court of competent jurisdiction, and with express jurisdiction over the subject-matter, appointing an administrator over a large estate wholly unadministered, with the knowledge, consent, and at the request of the former

executrix.  He qualifies as such.  The former executrix ap-
plies to the court in this administration to set aside to her the
homestead, and repeatedly does other acts recognizing said
administration, extending through many years.   Creditors
recognize him as such by presenting their claims to him for
allowance, and suing him in the capacity of administrator
when he rejects them, and by appearing in the Probate Court,
and there litigating with him as such administrator.   The
court orders him to sell lands; approves or disapproves the
sales when made.   Purchasers in good faith pay him their
money, which goes into the estate.   And now the court,
more than five years after his appointment as adminis-
trator, is called upon by creditors who, themselves, have
recognized his appointment, and who, as creditors of said
estate, have possessed themselves of almost the entire valuable
estate of Lewis, to declare that appointment, and all subse-
quent proceedings thereunder, absolutely null and void, and
to eject appellee from this small tract, his homestead, pur-
chased in good faith under order of the court, in an adminis-
tration then, and for many years after, universally recognized
as legal and proper.   And why?  Because, it is said, it does
not appear from the minutes of the court that a formal entry
was made removing the executrix, or that she had tendered
her formal, written resignation, and that it was accepted.

Mere irregularities in the proceedings had in granting
letters or orders of sale, or omissions that do not appear to
be supplied, will not vitiate the grant of letters or orders of
sale, if the court had jurisdiction of the subject-matter.   (Gid-
dings *v*. Steele, 28 Tex., 750 ; Baker *v*. Coe, 20 Tex., 429 ;
Dancy *v*. Stricklinge, 15 Tex., 557.)   "The validity, or the
necessity of the proceedings in the court of probate, for the
appointment of an administrator, cannot be drawn in question
collaterally by a debtor of a succession."   (Mix *v*. Johnson,
9 La. An., 113 ; Grant *v*. McKinney, 36 Tex., 62.)   The
same rule prevails when the "administrator's authority is
drawn in question in a collateral action for the purpose of

invalidating the title of a purchaser at the administrator's sale. Where sales have been thus made and confirmed by the judgment of a court of competent jurisdiction, it is well settled that the judgment, unless impeached for fraud, cannot be drawn in question in. any· collateral action or proceeding. (Burdett v. Silsbee, 15 Tex., 617; McPherson v. Cunliff, 11 Serg. & Rawles, 422; Thompson v. Tolmie, 2 Peters, 157; Tucker v. Harris, 13 Ga., 1; 15 Tex., 557; Poor v. Boyce, 12 Tex., 450; Hurt v. Horton, 12 Tex., 285.)

ROBERTS, CHIEF JUSTICE.—This was an action of trespass to try title to three hundred acres of land—the Peel tract—brought by appellants against appellee on the 23d of March, 1873. The petition was in ordinary form, and the appellee filed a plea of not guilty. Under the issue thus formed, the title relied on by each party is presented in the evidence offered upon the trial.

The court, in the charge, held the plaintiffs' evidence of title insufficient, excluded from the jury the defendant's evidence of title, and, upon the admitted fact of defendant's possession of the land when the suit was brought, directed the jury to find a verdict for the defendant. Plaintiffs appealed, and assigned numerous errors, which point out all of the objections which could be raised to the rulings and charge of the court. The defendant excepted to the ruling of the court, in excluding the evidence of his title, and assigned errors, in order to have the validity of his title passed upon by this court.

The evidence before the jury, relating to the plaintiffs' title, was, a judgment, execution, and sale, and sheriff's deed to the land, and other facts herein set forth. The said judgment was rendered by the District Court of Montgomery county, on the 10th of September, 1872, wherein plaintiffs recovered a judgment, for twenty-eight thousand dollars, against Susan M. Lewis, as "independent" executrix of the will of John M. Lewis, sr., to be collected by execution, to

be levied upon the effects in her hands, being the community property of herself and her deceased husband, the testator, John M. Lewis, sr. In said judgment, it was decreed that she was still said executrix, in control of said property, and that John M. Lewis, jr., who was a party to the suit, had no right to control the same, by having been previously appointed administrator of said estate, with the will annexed; that his acts as such were null and void, and that he be enjoined from interfering with the same. The execution, levy, sale, and sheriff's deed to plaintiffs were all in pursuance of said judgment, and completed before the institution of this suit for the land. It was also proved that John M. Lewis, sr., died in 1862, leaving a will, in which he bequeathed and devised all of his property to his wife, Susan M. Lewis, with the power of disposition during her lifetime, and made her sole and exclusive executrix of it. In the same year she applied for probate of the will, had it probated, and letters of executorship were issued to her upon her taking the oath. In the letters, she was directed to return an inventory of the estate, and appraisers were appointed by the court; but she never returned any inventory. It was shown by her depositions that she took possession and control of all the property of the estate, settled debts, and otherwise managed it, without the control of the County Court, the estate being large and amply solvent, up to the close of the war. It was shown by the evidence of John M. Lewis, jr., introduced by the defendant, that he had applied for and obtained letters of administration upon the estate, with the approbation of his mother, Susan M. Lewis, previous to this judgment, in 1872, (as shown in defendant's rejected evidence, in 1867.) It was not shown that she had ever resigned the executorship, or that any order had ever been made displacing her from that trust; but her and her son's evidence were offered, as tending to show, by her not filing an inventory, and other facts, that she had abandoned it before letters of administration were granted to her son, John M. Lewis, jr. It was admitted that

the land sued for was community property of John M. and Susan M. Lewis at the time of his death.

Upon the evidence, of which this is a substantial outline, the court charged the jury, that, as Susan M. Lewis had failed to file an inventory of the estate, the judgment of 1872 was a nullity, so far as it ordered execution to issue against her, as independent executrix, to sell the property of the estate, and that plaintiff could acquire no title under the execution and sale of the land in controversy, issued upon said judgment.

We think this was erroneous. Because that very thing was adjudged otherwise by a court having power to render such a judgment, as between the parties to it, to wit, the plaintiffs, Susan M. and John M. Lewis, jr. Not having been reversed or appealed from, we must presume it to have been rendered upon sufficient facts, judicially ascertained. And if the facts could be known to have been insufficient, the power to render it existing, and the want of jurisdiction not appearing, the judgment would not be a nullity, however erroneous it might have been upon an appeal taken from it by the parties to it.

The defendant Ferguson, the evidence of his title being excluded, stood, in this case, as a naked possessor of the land, and had no right collaterally to attack the judgment, unless it had been a nullity.

But if this question were not concluded, as the facts stood before the jury, we are not prepared to say that there might not exist such a state of case, by the long-continued action of the executrix in the obvious capacity of an independent executrix under the will, as that she and the estate might be held bound in that capacity, notwithstanding she had failed to return an inventory, when no proceedings had been instituted in court against her for such default. (Paschal's Dig., art. 1371.) It was made the duty of the court, by the law then in force, to remove the executrix upon failure to return an inventory within sixty days from the grant of letters.

Creditors and others interested in the estate might have required it to be done for their own security, which is its object. But if they failed, and the court failed to require it, persons who acquired rights through her action in that capacity, should not be held to suffer an injury by her default and by that of the court in not furnishing a better security for her faithful discharge of her duty. (Paschal's Dig., arts. 1294, 1295.)

The case cited to support the court's charge fails to do so. (Langley *v.* Harris, 23 Tex., 564.) In that case, the executor failed to accept the trust, and it was held that the administrator, with the will annexed, was subject to the action and control of the court, the same as though no executor had been named in the will, with the special power of administering the estate prescribed in art. 1371, Paschal's Dig.

It is unnecessary, however, to consider this further, inasmuch as by the judgment of 1872, under which plaintiffs derive title, it was adjudged that, by a proper construction of the will, she was by it made an independent executrix; that she held the property of the estate in that capacity, and that it was subject to execution in satisfaction of that judgment, then and thereby establishing a debt against said estate in favor of plaintiffs, which is conclusive against a trespasser or a naked possessor.

The evidence of defendant's title was, an application of John M. Lewis, jr., for letters of administration in 1867, representing that his mother, Susan M. Lewis, had abandoned the administration of said estate as executrix; grant of letters, order of sale in 1869, and sale, confirmation, and deed of administrator, in 1870, to McCaleb; and in the same year a deed from McCaleb to defendant Ferguson, and his possession under it up to the time of bringing this suit.

This evidence was excluded, upon objections by the plaintiffs, upon the ground, as shown by the defendant's exceptions, as well as in the charge of the court to the jury, that the grant of letters of administration to John M. Lewis, jr.,

was a nullity, and all of his acts under said grant were void, because Susan M. Lewis continued to be executrix under her appointment, and there had never, up to the trial, been a vacancy in the administration to be filled by his appointment.

To make this ruling, the court had to assume a fact to have been indisputably established, which, it is evident, from the tendency of the evidence offered by the defendant and admitted to go to the jury, was a fact contested, which was, that Susan M. Lewis continued to act as executrix under the will, in the control and management of the estate. This ruling seemed to proceed upon the opinion, that the absence of a resignation by her, or of an order of removal by the court, conclusively established that fact. One or the other of these would certainly be the appropriate evidence of the abandonment of the trust by her. Still, it does not follow that a court of competent jurisdiction, called upon directly to act upon and determine it—as was done in the application for letters of administration by John M. Lewis, jr., in 1867—might not arrive at and determine the fact of her abandonment upon other and different evidence of it; and we might safely say that, ordinarily, the act of granting letters of administration upon such an application might well raise the presumption that it had been determined, upon some competent evidence, in the absence of proof to the contrary, sufficiently apparent upon the record, to vitiate the proceeding.

Had this evidence been admitted, it would have shown an interest in the defendant to the land, anterior to the rendition of the judgment of 1872, under which the plaintiffs claim their title, which would have relieved defendant from the attitude of a naked possessor, and have required the plaintiffs to have shown additional facts, not developed in this case, which would either reach back to maintain the validity of the plaintiffs' title or would have the effect to vitiate the title of the defendant. Such facts may or may not exist

Syllabus.

which would be competent to establish the one or the other object. The judgment of 1872 recites the fact that there had been an attachment of lands in that suit, and it releases the lien on some lands and fixes the lien on others, in a way not very intelligible in reference to the facts in evidence in this case. Nor does it appear from that judgment, or from any evidence in this case, when the suit in which said judgment was rendered was brought. (From other cases in this court, it is shown to have been brought in 1868.) Enough has been said to show that, by the rulings and charge of the court, the proceedings in the investigation of this case have been arrested before the transactions upon which its real merits depend had been reached, which, not having been brought out and passed upon in the court below, should not be anticipated here now by this court.

This opinion applies also to the cases of Goldthwaite *v.* Ferguson, and Willis & Bro. *v.* Lewis *et al.*

For the errors in the charge of the court, as indicated in this opinion, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.