A. CAMPBELL, TRUSTEE, ETC., v. JOHN P. COX, SHERIFF, ETC.

(No. 331, Op. Book No. 1, p. 532.)

APPEAL from Hill County. Opinion by WHITE, J.

§ 526. *Independent executor; inventory not conclusive.* Appellant was executor of his deceased wife's will. The will devised the testator's property to her daughter, to be held, controlled and managed by appellant during his

life, but the property or its value was to be accounted for to the daughter by the legal representatives of appellant at his death.   No other action was to be had with reference to the estate than the probate of the will and the return of an inventory of the property.   Appellant took possession of the property under the will, but returned no inventory of the same.   Appellee, as sheriff, by virtue of an execution against appellant, levied upon a portion of this property and sold the same, though notified by appellant at the time of the levy and sale that the property belonged to his daughter, and that he held the same as trustee for her.   Appellant, as trustee, brought this suit to recover the value of the property, and in the court below judgment was rendered that he take nothing and pay costs.   The court charged the jury as follows: "If you find that no inventory was returned (as the will requires should be done), then you will find for the defendant, John P. Cox, sheriff."   *Held*, this charge was erroneous.   An inventory is not conclusive either for or against an executor or administrator.   [Pas. Dig. 1302; White v. Sheppard, 16 Tex. 167.]   When filed it is only *prima facie* evidence.   [Littell v. Birdwell, 21 Tex. 607.] And it is not conclusive to show that the property as therein specified is separate or community, but proof of its *status* may be made *aliunde*.   [Carroll v. Carroll, 20 Tex. 745; Bradshaw v. Mayfield, 18 Tex. 27.]   When there has been long continued action of an executor, in the obvious capacity of an independent executor, after failure to return an inventory of the estate as required by law, and neither the court having jurisdiction nor the creditors interested have required a compliance with the statute, those who have in good faith acquired property of the estate through the action of the executor as such, will not be permitted to suffer on account of the failure to file an inventory.   [Willis v. Ferguson, 46 Tex. 496.]

October 16, 1878.          Reversed and remanded.