WILLIAM BENNETT ET AL. v. F. KIBER ET AL.

No. 2858.

1. **Deed for Land Taken by an Executor for a Debt due an Estate.**—The fact that a deed for land sold under a decree in favor of an executor was taken in name of the heirs of his testator did not divest the land of its character as an asset of the estate in the hands of the executor. It simply took the place of the debt in satisfaction of which it was acquired.

2. **Receiver.**—In a suit between devisees under the will against parties claiming under a sheriff sale of it under a judgment against one of two executors, it was not the duty of the court to appoint a receiver, or to call in the executor to protect the estate in the litigation.

3. **Effect of one Executor Failing to Act** —When one of two executors of an independent will refused to qualify or act as such, the other is authorized to act as if he was the sole appointed executor.

4. **Immaterial Evidence.**—That an executor in buying in land at a sale in his favor as executor took a deed in name of heirs of his testator, and that subsequent to the sale he had paid taxes on the land, if shown, would not affect the material issues as to the ownership of the land; it took the place of the purchase money.

APPEAL from Brazoria. Tried below before Hon. Wm. H. Burkhart. The opinion states the case.

*W. S. Brooks,* for appellants. — 1. The court erred in overruling the motion made by plaintiffs, asking the court to require J. P. Bryan, sole surviving executor of the will of Sarah A. Wharton, to intervene in this cause for the protection of the estate that he represented, and in the event of his refusal to do so to appoint a receiver to intervene for said estate, because if the Wharton estate ever had any right in the land in controversy the same was a mere equity and was not divested out of the estate by levy and sale under execution from the Mott judgment, but still remained in such estate. Hendricks v. Snediker, 30 Texas, 306; Edwards v. Norton, 55 Texas, 410.

2. Both of two joint executors are necessary parties to a judgment against the estate they represent. Rev. Stats., arts. 1936, 1937; Anderson v. Stockdale, 62 Texas, 54; Johnson v. Bowder, 43 Texas, 670; Wright v. Dunn, 73 Texas, 293.

3. The court erred in admitting over objection of plaintiffs the testimony of J. P. Bryan, that he, as executor of said Wharton will, rendered the land for taxes after January, 1880, and until August, 1881, and that he paid back taxes on said land amounting to $60 or $70, because such acts do not evidence ownership of land or prove title thereto, and said testimony was irrelevant and inadmissible. Freem. on Judg., sec. 364.

*Geo. W. & F. J. Duff,* also for appellants, cited Rogers v. Kennard, 54 Texas, 30; Wisdale v. Sampson, 14 How., 66; McDonough v. Cross, 40 Texas, 251; Edwards v. Norton, 55 Texas, 405; Hendricks v. Snediker, 30 Texas, 306; McLane v. Belvin, 47 Texas, 501; Blanton v. Mayes, 58 Texas, 422; Hart v. Rust, 46 Texas, 556.

*E. J. Wilson* and *L. R. Bryan,* for appellees. — 1. The land having been bid off by J. P. Bryan, independent executor of the Wharton estate, and paid for by crediting the execution in favor of said estate, and against the Herndon estate, with the amount of said bid less the costs, which costs were paid by funds of said Wharton estate, the beneficial interest in if not the legal title to the lands passed to the Wharton estate, and was subject to execution by the creditors of said estate, and the title

·to said land passed to the purchasers under the execution sale on August .5, 1881, in favor of M. F. Mott, administrator, v. J. P. Bryan, executor ·of the Wharton estate.

The legal title to the property would have been in appellants whether the deed so conveyed it or not. Rev. Stats., art. 1817.

The land became the property of the Wharton estate and was sub-.ject to execution by its creditors. Soye v. McCallister, 18 Texas, 80–98; Allen v. Clark, 21 Texas, 404; McCoy v. Crawford, 9 Texas, 353; Dough-·erty v. Cox, 13 Texas, 212; Blankenship v. Douglas, 26 Texas, 229; Mooring & Lyon v. McBride, 62 Texas, 309; Day v. Stone, 69 Texas, 13.

2. J. P. Bryan alone duly qualified as executor of the will of Sarah .A. Wharton, deceased, as J. W. Harris never took the oath required by law;· or if it be considered that he did qualify, then he renounced and abandoned the trust, refused to act as executor, and acquiesced in all the acts of said Bryan, and evidence showing these facts was competent.

Harris never qualified under the law. Rev. Stats., arts. 1929, 1859, 1824; McKellar v. Peck, 39 Texas, 381, 387.

The acts of J. P. Bryan, acting executor, were, and the judgment against him was, valid, and were binding on appellants. Rev. Stats., arts. 1201, 1826, 1859, 1936, 1943; Jackson v. Bowden, 43 Texas, 670; Mayes v. Blanton, 67 Texas, 245; Roberts v. Connellee, 71 Texas, 11.

The nonjoinder of the coexecutor as defendant should have been raised by plea in abatement, and was waived by Bryan not pleading it. Dicey on Part. to Act., Rule 116, p. 528.

3. The execution sale could not be attacked in a collateral action. Boggess v. Howard, 40 Texas, 153; Murchison v. White, 54 Texas, 78; Ayres v. Dupree, 27 Texas, 603, 604; Miller v. Koertge, 70 Texas, 163; Freem. on Void Jud. Sales, sec. 21.

Correll, Masterson, Mott, and Bryan should be parties to the suit. Ayres v. Dupree, 27 Texas, 604; Miller v. Koertge, 70 Texas, 163.

Innocent purchasers are protected. Holmes v. Buckner, 67 Texas, 112; Ayres v. Dupree, 27 Texas, 605, *et seq.*

As to burden of proof. Seguin v. Maverick, 24 Texas, 532; Dawson v. Ward, 71 Texas, 76.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted by appellants on the 30th day of April, 1888, to recover 3454 acres of land lying in Brazoria County. Plaintiffs alleged that they owned the land as devisees in the last will of Sarah A. Wharton, who they charge died in the year 1878, having named J. P. Bryan and J. W. Harris executors of her will. The petition alleges that the will was an independent one and was duly probated, and that both of the executors qualified as such; that after-wards a creditor of the estate sued J. P. Bryan, as executor of said will, and recovered against him a judgment for money, under which the land

in controversy was sold to the vendor of defendants; that both of the executors were acting when said proceedings were had, though only one of them was made a party to them; that the land was sold under execution for the grossly inadequate price of $190, when it was then worth the sum of $7000; that the sacrifice of the property was caused by frauds patent upon the face of the proceedings, and by combinations at the sale which prevented fair competition, of all which defendants had notice.

The petition charges that said sale was made on the 8th day of July, 1881, and plaintiffs offer to refund to defendants the price bid at the sale with interest, and also such other amounts as to the court might seem equitable.

Plaintiffs prayed for the recovery of the land, and for damages, and for the cancellation of said judgment and of the deed made to the purchaser at the execution sale, as well as for general relief.

Defendants answered by general denial, and specially denied that J. W. Harris ever qualified as executor, and charge that if he did so qualify he had renounced and abandoned such executorship before said judgment was rendered, leaving said Bryan sole executor at the date of said judgment. Defendants further pleaded that plaintiffs and intervenors were barred in equity by their acquiescence and long delay in bringing suit. Defendants also alleged that on the 12th day of November, 1879, J. P. Bryan, as sole executor of said will, recovered a judgment for money against one A. C. Herndon, as independent executor of the will of A. H. Herndon, for the benefit of said estate, for the sum of $412.35 and interest, with foreclosure of a mortgage on the land in controversy; that at a sale made on the first Tuesday in January, 1880, by virtue of an order of sale issued from said judgment, the said J. P. Bryan, acting in behalf of the estate of Sarah A. Wharton, purchased said land for the sum of $425, and the purchase money was paid by allowing it as credit on said judgment; that in addition to the aforesaid judgment the estate of Sarah A. Wharton was otherwise largely indebted.

Defendants further allege that the officer who made the sale, by mistake in making his return thereof and in executing his deed for the land, recited that the bid was made for the heirs of Sarah A. Wharton and made the deed to said heirs.

Defendants charge that through proper and regular proceedings a judgment was rendered against said Bryan as sole executor, and that at execution sale thereunder the land was bid off by one D. P. Carroll, by whose request the sheriff's deed was made to one H. Masterson, who paid the amount of the bid and subsequently conveyed the land to said Carroll. Defendants allege that they are innocent purchasers of said land from said Carroll.

Plaintiffs excepted, and in reply to the answer they say that it is not true that the land was bid in for the estate of Sarah A. Wharton, but

they aver that plaintiffs were the purchasers at the sale, and that they took the land by purchase at said sale and not by devise, and that said land never in fact became the property of the estate in the hands of J. P. Bryan as executor. They allege that at the date of the last mentioned sale the estate was solvent, having assets much greater in value than required to liquidate its indebtedness.

The reply further alleges that if the estate ever acquired any interest in the land it was a mere equitable interest, uncertain in its character, and not subject to sale under execution.

Other devisees under the will of Sarah A. Wharton intervened and adopted the pleadings of plaintiffs.

Plaintiffs filed in the cause a motion, asking the court to require J. P. Bryan, as executor, to intervene in the cause for the protection of the interests of the estate of his testatrix, and in case he refused to appear and plead, that the court appoint a receiver to perform that service for the estate.

The cause was tried without a jury and a judgment was rendered in favor of the defendants.

The plaintiffs excepted to so much of the answer as charged that the land, when it was sold under the execution against J. P. Bryan as executor, was purchased by him as executor for the benefit of the estate, and that the return of the sheriff showing that the sale was made to the heirs of Sarah A. Wharton, and his executing to such heirs the deed for said land, were caused by the mistake and inadvertence of the officer. The court overruled the exception, and that ruling is now assigned as error.

We think the facts attending the sale were proper subjects of pleading and proof. The fact that the deed was made to the heirs of Sarah A. Wharton did not divest the land of its character as an asset of the estate in the hands of the executor. It simply took the place of the debt in satisfaction of which it was acquired, and did not require to be inventoried.

Appellants complain of the action of the court upon the motion to compel the executor to intervene in this suit or to appoint a receiver for that purpose.

We do not think that the court could have properly ruled otherwise than it did on the motion.

Appellants complain that "the court erred in admitting in evidence, over objections of plaintiffs, the deed from W. H. Sharp, sheriff, to H. Masterson, and dated August 5, 1881; because the judgment under which said sale was made was against only one of two joint executors; and because defendants had failed to show that said land was the property of the estate of Sarah A. Wharton in the hands of J. P. Bryan, executor; and because if said estate of Sarah A. Wharton ever had an interest in said land, it was such an undetermined equitable right or interest as was not

subject to levy and sale under execution; and because the proof showed that said Masterson was not the purchaser at said sale."

The evidence with regard to John W. Harris was that "he had declined to act as executor and said he never wanted the position; that he did not have time to attend to it, and did not want to have anything to do with it." He qualified, however, by taking the required oath as an executor, and joined in the execution of two deeds. When he executed the last one, in the year 1879, he declared he would not have anything more to do with the estate, and never did.

It has been repeatedly held by this court that when one of two executors of an independent will refused to qualify or act as such, the other one was authorized to act as if he was the sole appointed executor. Johnson v. Bowden, 43 Texas, 670; Anderson v. Stockdale, 62 Texas, 54; Mayes. v. Blanton, 67 Texas, 245; Rev. Stats., arts. 1936, 1937.

The interest of the estate in the land was subject to execution, and the deed from the sheriff to Masterson was admissible as a link in the defendants' chain of title.

There was no error in permitting the executor to testify to the facts with regard to the purchase of the land at the sheriff's sale under the judgment against the estate of Herndon. His testimony to the effect that he paid taxes upon the land after he purchased it could not have prejudiced defendants. The evidence did not affect any material issue in the case. The admission of evidence that the executor had paid taxes on the land, if an error at all, was an immaterial one.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered March 4, 1890.