M. E. ESKRIDGE ET AL. V. R. S. PATTERSON.

No. 3232.

**Joint Independent Executors—One Acting.**—In 1851 the ancestor of plaintiffs died, leaving a will appointing two executors with power to act independently of the Probate Court. In 1853 one of the executors intermarried with the widow, mother of

plaintiffs. The other executor then turned over the business of the estate to his coexecutor, who in 1862 sold the land in controversy for the purpose of paying a debt of the·estate secured by a mortgage upon other property. The heirs subsequently investigated the facts and concluded the sale was legal. The purchaser entered into and held possession. Suit was brought against him by the married daughters of the testator. There was no testimony of an express renunciation by the other executor, though he had ceased to act. *Held,* that under the circumstances a finding by the court that the sale was legal should be sustained, the lapse of time between the sale and suit tending strongly to prove the renunciation of the trust by the other executor, upon which fact depended the power of the acting executor to make the sale.

APPEAL from Hunt. Tried below before Hon. E. W. Terhune. The opinion states the case.

*Arnold & Thompson,* and *Grubbs & Heffner,* for appellants.— 1. Trustees are held to a strict compliance with the terms and conditions of the instrument conferring the trust, and a material variance or deviation from the same in the execution of the power avoids the act of such trustee. Rev. Stats., art. 1937; O. & W. Dig., arts. 705, 714, 882; Pasch. Dig., arts. 1269, 1274, 1324, and notes 466, 469; Langley v. Harris, 23 Texas, 565, and authorities; Tippett v. Mize, 30 Texas, 362, and authorities; Hart v. Rust, 46 Texas, 556, and authorities; McLane v. Belvin, 47 Texas, 493; Wright v. Dunn, 73 Texas, 293; 2 Washb. Real Prop., 4 ed., pp. 508–510 (secs. 16, 17), 521 (sec. 8), 655 (sec. 3), 660–665 (secs. 20–26 and notes), 656 (sec. 8).

2. The same rule·does not apply in cases where there are two or more executors administering an estate under the supervision of the Probate Court with reference to the conveyance of land by one of the executors with the approval of the court, as in cases where the estate being administered is withdrawn from the control and supervision of the Probate Court; and while the act of one of several ooexecutors with the approval of the court would pass title, the same does not hold good where they act independently.

3. That the execution of the power by one of several coexecutors is defective there can be no question. If it can be upheld at all as a conveyance of the land, it can only be done through the equity jurisdiction of the court.

*Perkins, Gilbert & Perkins,* for appellee.— 1. When one of two independent executors, after qualifying and acting for a short time, ceases and declines to further act, the remaining executor may be treated as sole executor of the will, and his acts will bind the estate. Bennett v. Kiber, 76 Texas, 385; Anderson v. Stockdale, 62 Texas, 54; Johnson v. Bowden, 43 Texas, 670.

2. When a power of sale of land is given in a will to several executors, and the power is simply incident to the discharge of the duties of the office,

.the power may be executed by the remaining executor if one dies or re-
.signs.    Zebach v. Smith, 5 Am. Dec., 352; Crosw. on Exrs. and Admrs.,
.secs. 475, 587.

3.    A formal renunciation · by one executor is not necessary.    Other
·evidence may be equally satisfactory, and none could be more so than
lying by for a number of years and not intermeddling with the estate.
Marr v. Peay, 5 Am. Dec., 521; Nelson v. Carrington, 6 Am. Dec., 522.

GAINES, ASSOCIATE JUSTICE.—The appellants, Mrs. Eskridge and
.Mrs. Brown, joined by their husbands, brought this suit in the court
below to recover a tract of land patented to one R. W. Smith.    They
·claimed as heirs of the patentee.

The defendant, who· is appellee here, claimed under a conveyance to
him of the land by one R. E. Wynne as executor of the will of Smith.

The court below found that Smith died in 1851, having made his will,
in which Bennett Smith and R. E. Wynne were named as executors, and
were authorized to administer his estate free from the control of the County
Court.    The will was probated, and both executors qualified and entered
upon the execution of the trust.

In 1853 Wynne married the widow of his testator, and thereupon Smith
turned over the control of the property of the estate and ceased to act as
·executor.

In 1862 Wynne, as executor, sold defendant the land in controversy
and executed to him a deed to the same, but in this deed Bennett Smith
did· not join.    The land was sold to pay a debt against the estate of the
testator, which was secured by a mortgage upon other property.    The de-
fendant immediately went into possession, and has ever since actually oc-
cupied the land as his own, using and cultivating it, and paying taxes
thereon.

This suit was not brought until December, 1889.    The court below
concluded that Smith at the time of the sale had ceased to act as execu-
tor, and therefore held as a matter of law that the sale and conveyance
made by Wynne, the other executor, conveyed the title to the land.    If
this conclusion be correct it is decisive of the case, and it is unnecessary
to pass upon any other question raised by the assignments of error.

It is settled in this court that a conveyance by one of two executors
under a will which authorizes them to administer the trust free from the
control of the Probate Court, while both are acting, is invalid.    Hart
v. Rust, 46. Texas, 556.    On the other hand, it is held that when one of
two executors of an independent will refuses to qualify or to act, the other
has power to convey the property of the estate for the purpose of paying
debts, and in accordance with the powers granted in the will.    Bennett
v. Kiber, 76 Texas, 385, and cases cited.    In the case last cited the exe-
·cutor who failed to join in the conveyance had expressly declared his

intention no longer to act as executor of the will.   This is not quite a
parallel case.   The direct testimony fails to show any express renunciation
of the trust by Smith.   It probably justified the court below in conclud-
ing in effect that he had not merely failed to act as executor, but had
purposely ceased to act.   But this is a very old transaction.   Twenty-six
years had elapsed from the date of the conveyance at the time the suit
was brought.

When the defendant bought the land he was told that Smith had ceased
to act as executor.   Twenty years before this litigation arose, he went
to Rusk County, where the estate had been administered, and where it
seems heirs and devisees resided, and with the sons of the testator and
the husbands of his daughters, the real plaintiffs in this action, inquired
into the title to the land and examined the will, and it was agreed between
them that the sale was valid.   This, of course, estops no one.   But it is
a circumstance tending very strongly to establish the conclusion that the
fact existed which authorized Wynne to sell and convey the land as the
sole acting executor.   The testimony of Bennett Smith was introduced
upon the trial, and it fails to show any distinct act of renunciation.   He
does testify, however, in effect that he relinquished the management of
the estate to his coexecutor upon the marriage of the latter with the widow
of his testator, and that if subsequent to that time he ever did any act as
executor he did not recollect it.   He was eighty-three years old when his
testimony was taken.

If this were a recent transaction our conclusion would probably be dif-
ferent.   But such a long possession and enjoyment of property by one
claiming it as his own—the parties adversely interested being cognizant
at the same time of the facts under which his claim accrued—creates a
strong presumption that his possession had a legal origin, and in the
absence of preponderating evidence tending to a contrary conclusion,
should be deemed decisive in favor of the validity of his title.   In accord-
ance with this principle the Supreme Courts of two States have held that
after long possession by one holding under a conveyance by one executor
the renunciation at the date of the deed by a coexecutor will be presumed.
Marr v. Peay, 2 Murph. (N. C.), 84; Nelson v. Carrington, 4 Mumf.
(Va.), 332.

We conclude that under the circumstances Bennett Smith should be
held to have virtually renounced his executorship, and that the sale and
conveyance by Wynne passed the title of the land in controversy to the
defendant.

The judgment is correct, and it is affirmed.

*Affirmed.*

Delivered November 11, 1890.