## C. U. CONNELLEE ET AL v. JOHN C. ROBERTS.

### No. 31.

**1. Independent Executor—Qualification.**—It was not essential to the qualification of an independent executor under the Act of 1870 (Pasch. Dig., art. 5574), that any oath as such should be taken by him. His qualification would be complete upon the probate of the will and acceptance of the trust by him, with the return of an inventory and appraisement of the estate when this was required by law.

**2. Same — Return of Inventory, how far Essential.** — When an inventory has been returned which includes all the property in controversy, a sale thereof can not be collaterally attacked because such inventory may not have been complete as to other property.

APPEAL from Eastland.    Tried below before J. E. COCKRELL, Esq., Special Judge.

*J. R. Fleming* and *R. B. Truly*, for appellants.—1. The court erred in his conclusion that on the former appeal of this cause the Supreme Court held, that it was essential for the defendants to prove that M. J. Hall, Jr., qualified as independent executor, and that he returned a full and complete inventory; that there is no competent evidence that either of these things was done, and consequently that the execution issued on the judgment against M. J. Hall, Jr., was void, and the sale thereunder passed no title to defendants.    Roberts v. Connellee, 71 Texas, 11.

2. The acts of Hall as executor are entitled to full faith and credit. Gen. Laws 1870, pp. 163, 164, secs. 158–160; Willis v. Ferguson, 46 Texas, 496; Cooper v. Horner, 62 Texas, 356; Moody v. Butler, 63 Texas, 210; W. & W. Cond. Cases, sec. 526.    An inventory is not conclusive, either for or against an executor or administrator.    Pasch. Dig., art. 1302; White v. Shepperd, 16 Texas, 167.    When filed it is only prima facie evidence.    Little v. Birdwell, 21 Texas, 607.

3. The court should have rendered judgment for defendants under the conclusions of fact found by him.    Willis v. Ferguson, 46 Texas,

496; Moody v. Butler, 63 Texas, 210; Perkins v. Wood, 63 Texas, 397; W. & W. Cond. Cases, sec. 526, and cases cited.

4. The property in the hands of an independent executor becomes trust property and liable to execution at the hands of bona fide creditors, without regard to whether or not he ever returned any inventory or subscribed or had recorded the oath of office as trustee. He stands at least in the position of a de facto officer or trustee, and a valid subsisting debt, judgment, execution, and sale against the estate in favor of the creditor passes the title. Gen. Laws 1870, pp. 163, 164, secs. 158, 160; Aulanier v. Governor, 1 Texas, 653; McKinney v. O'Connor, 26 Texas, 5.

*J. M. Moore* and *J. C. Walker*, for appellee.—1. The court correctly held that the appellants got no title under the deed through the pretended executor, because there was no legal proof that he ever qualified or filed an inventory. Sayles' Civ. Stats., art. 1333; Ins. Co. v. Milliken, 64 Texas, 48; Railway v. Fossett, 66 Texas, 338.

2. The will, the law, and the order of probate required the filing of an inventory, which was not done; besides, the executor did not qualify, and these failures defeated the independent feature of the will. Roberts v. Connellee, 71 Texas, 14; Chifflet v. Willis & Bro., 74 Texas, 253.

HEAD, ASSOCIATE JUSTICE.—On June 7, 1871, the will of M. J. Hall, Sr., was admitted to probate in the District Court of Harrison County, Texas. By this will it was provided that no action should be had in the courts in regard to the testator's estate, except the probate and registration of his will and the return of an inventory, and also that the executors should not be required to give bond. M. J. Hall, Jr., and Samuel S. Mosely were named as executors.

The petition to probate this will was in the name of M. J. Hall, Jr., only, but the order admitting the will to probate directed that letters issue to both executors. There is no evidence that either of the executors ever took an oath as such. M. J. Hall, Jr., however, filed a paper consisting of several pages, which upon its face would appear to have been a very full and complete inventory, were it not for the affidavit attached thereto, which is in the following language:

" *The State of Texas, Harrison County.*—Before me, C. E. Bolles, clerk of the District Court of Harrison County, appears M. J. Hall, Jr., who makes oath and says that the within inventory contains all the property and effects of the estate of M. J. Hall, Sr., which up to this time has come into his hands, but this inventory is not complete.

                                         " M. J. HALL, JR.

" Sworn to and subscribed before me, this July 13, 1871.

                                         " C. E. BOLLES, Clerk."

This paper was recorded as the inventory of said estate, and upon such record the said M. J. Hall, Jr., proceeded with the administration in all respects as the duly authorized independent executor of said will; and while so acting judgment was rendered against him as such executor in favor of Joseph Mason, on the 12th day of July, 1875, before J. K. Williams, a justice of the peace for Harrison County, and the land in controversy was regularly sold under an execution issued upon this judgment; and appellants claim under this sale. Appellee claims under quitclaim deeds made by the heirs of M. J. Hall, Sr., subsequent to the execution sale aforesaid. The land in controversy appeared regularly upon the inventory filed by the executor as above set forth.

The court below construed the opinion rendered upon a former appeal of this case to hold, that to sustain the execution sale against the executor of M. J. Hall, Sr., it was necessary for the defendants claiming thereunder to prove that the executor qualified by taking the oath required of administrators and executors, and also returned a full and complete inventory of all property belonging to the estate.

By an examination of this opinion, reported in 71 Texas, 14, it will be seen that the principal question presented upon that appeal was as to whether or not the taking of the oath and filing of an inventory by the executor could be proved by parol evidence, or should this be done by certified copies from the records; and it was held, that such copies would be the best evidence, and the court below erred in permitting parol evidence without showing that such copies could not be had. We do not find anything in this opinion which goes to the extent of holding that the taking of an oath by an independent executor would be essential to the validity of a sale made against him while acting as such; nor do we construe the opinion as holding that the return by him of a full inventory, or even any inventory, would be absolutely essential under all circumstances to the validity of such a sale, although there are expressions therein which might be given this construction.

By the law in force at the time this will was admitted to probate it was provided, that "a testator may direct by his will that no action be had in the District Court in the administration of his estate except, first, to prove and record the will; second, to prove and record the will and return an inventory and appraisement of the estate; third, he may direct that the person named as his executor shall not be required to give bond." Pasch. Dig., art. 5626. Also: "When a will contains directions that no action be had in the District Court in the administration of the estate, except to prove and record the same, or to prove and record it and return an inventory and appraisement, no other provision of this act, except as disclosed in subdivision 4 of section 158, shall apply to such estate; but the same shall become like any other property to be administered under

a power chargeable in the hands of a trustee, and liable to execution in any court having jurisdiction." Pasch. Dig., art. 5628.

The provisions in this act with reference to giving bonds and taking oaths by executors and administrators is found in Paschal's Digest, article 5574, as follows: "Where it is not otherwise provided, a bond shall be required to be given and an oath to be taken at a time specified in the order within twenty days."

We think that a fair construction of the different portions of this act leads to the conclusion, that it was not essential to the qualification of an independent executor that any oath as such should be taken by him, and that his qualification would be complete upon the probate of the will and acceptance of the trust by him, with the return of an inventory and appraisement of the estate when this was required by the law. We are aware that most of the cases in speaking of the acts of an independent executor mention the executor as having *qualified* as such, but we are not aware of any case which prescribes the requisites of such qualification to include the taking of an oath. In Mayes v. Blanton, 67 Texas, 247, it is said: "It appears that T. Schlutter died testate in the year 1877, and by his will named three persons executors, two of whom renounced the executorship, and the other probated the will, and in accordance with its terms received letters testamentary which empowered him to administer the estate without the control of the Probate Court. The executor seems to have returned an inventory and appraisement."

It will be noticed that no allusion was made to the executor having taken an oath in this case, although his qualification was treated as complete.

We are therefore of the opinion that the court below erred in treating the taking of an oath by an independent executor as essential to his legal qualification as such. We do not wish, however, to be understood as intimating that even if the law required such executors to qualify by taking an oath, a failure to comply with such provision would be fatal to his acts when called in question collaterally, as in this case.

We are further of opinion that the court below laid too much stress upon the use of the word "full" in the opinion rendered upon the former appeal. The question before the court upon that appeal was not so much the necessity of an inventory to the validity of the sale in question, as it was the kind of evidence necessary to prove the return of such inventory. No intimation was made in that opinion of a desire or intention to overrule, or call in question, the previous cases of Cooper v. Horner, 62 Texas, 356, and Willis v. Ferguson, 46 Texas, 496, to the effect that the return of an inventory would not be essential to the validity of a sale made by an independent executor in all cases.

In this case, as will be seen from the conclusions of fact, the inventory to all appearances would have been full and complete but for the state-

ment in the affidavit that it was not complete. As to the particular land in controversy, however, it was full and complete in every particular, and we are clearly of the opinion that this addition to the affidavit made by the executor should not affect this sale. We apprehend that few inventories are returned in any estate that embrace every item of property owned by the deceased at the time of his death; and we can not see how the addition to an affidavit of a statement of a fact, which must almost of necessity exist in every case, would on a collateral attack invalidate a sale of the property in the administration of such estate. It would hardly be contended that if this addition had not been made to the affidavit, the mere fact that some item of property had been omitted from the inventory would have invalidated this sale, and we can not see how the statement that this fact did exist should have any greater weight than the existence of the fact without stating it in the affidavit. We are therefore of the opinion, that where an inventory has been returned by an executor, which includes all the property in controversy, a sale thereof can not be collaterally attacked, even though the inventory might not be complete as to other property, and that the court erred in holding differently upon the trial below.

No question was made in the trial below as to the sufficiency of the evidence to show that the executor Mosely had refused to act so as to authorize his coexecutor Hall to proceed alone (Eskridge v. Patterson, 78 Texas, 417; Bennett v. Kiber, 76 Texas, 385); nor was any question made as to the failure of appellee to offer to refund the money for which the land was sold at the execution sale. Smithwick v. Kelly, 79 Texas, 576.

Appellee in his brief contends that appellants are not entitled to have considered their assignments presenting the questions above discussed, because the findings of the court below were not excepted to. We do not find this sustained by the record. In the judgment rendered by the court it was duly noted that defendants excepted thereto. Voight v. Mackle, 71 Texas, 78. Besides, this case is brought before us upon a full statement of facts as well as conclusions of the trial judge, and in such cases the rule laid down by appellee does not apply. Tudor v. Hodges, 71 Texas, 392.

Upon the whole case, we are of opinion that the judgment of the court below should be reversed and here rendered in favor of appellants for the land in controversy, and it is so ordered.

*Reversed and rendered.*

Delivered November 22, 1892.