PEPPER v. WALLING. (No. 1162.)

(Court of Civil Appeals of Texas. Amarillo. May 2, 1917. Rehearing Denied May 30, 1917.)

1. EXECUTORS AND ADMINISTRATORS ☞7—INDEPENDENT EXECUTOR—NECESSITY OF TAKING OATH—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3362, providing that any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of the inventory, appraisement, and list of claims of the estate, and in view of the fact that no other articles relating to independent executorships require an independent executor to take an oath, such oath is not necessary, and designation in the will and probate of the will is sufficient to perfect the appointment of an independent executor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20.]

2. EXECUTORS AND ADMINISTRATORS ☞7—INDEPENDENT EXECUTOR — WAIVER OF RIGHT TO OFFICE.

Failure of a succeeding independent executor designated by the will to file an oath previous to the application of a third person for appointment of administrator was not a waiver of his right to be appointed as executor, but, if necessary, he may take the oath after such application.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20.]

3. TRUSTS ☞38—ACCEPTANCE—NECESSITY OF FORMAL ACCEPTANCE.

A trustee appointed in a will need not formally accept the duties of his office, but if he acts in the performance of the trust, he will be held to have accepted.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 54–56.]

4. EXECUTORS AND ADMINISTRATORS ☞7 — INDEPENDENT EXECUTOR — APPOINTMENT — DISCRETION OF COURT.

Under the provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 3281, 3293, providing that letters testamentary must be granted to the persons named in the will, and before granting such letters it must appear to the court that the person to whom the letters are to be granted is named as executor of the will, the fitness of the executor is determined by the testator, and the court is left without discretion in the matter, so that it was the duty of the court to accept the oath of an independent executor whenever tendered, and order the issuance of letters testamentary upon his request.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20.]

5. EXECUTORS AND ADMINISTRATORS ☞7—ADMINISTRATION WITH WILL ANNEXED—STATUTE—INDEPENDENT EXECUTOR.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3279, providing for administration with will annexed when necessary, where the executor does not accept and qualify within 20 days, if applicable to independent executors, had no application where the independent administrator accepted the appointment by taking charge of the estate and administering its affairs, although the word "qualify" means taking oath.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20.

For other definitions, see Words and Phrases, First and Second Series, Qualify.]

Appeal from District Court, Wichita County; E. W. Nicholson, Judge.

Application by C. A. Walling for appointment as administrator of the estate of A. J. Van Cleave, deceased, opposed by J. C. Pepper, the succeeding independent executor appointed in the will. From a judgment of the court appointing C. A. Walling as administrator, J. C. Pepper appeals. Judgment set aside and ordered in favor of J. C. Pepper.

R. E. Huff, Kay & Akin, and Ralph P. Mathis, all of Wichita Falls, for appellant. Martin & Oneal, of Wichita Falls, for appellee.

HALL, J. A. J. Van Cleave, who owned a large estate in Wichita county, Tex., and elsewhere, died in February, 1913, leaving a will, naming his only son, John Van Cleave, a minor, as sole legatee. The will contained, among others, this paragraph:

"Third. I hereby appoint my friend, Edmund Newell, of Browington, Henry county, Missouri, executor of this will, without bond, and desire that no other action be taken in reference to

this will except that it be probated, and admitted to record, and that my said executor shall have full power to manage and control said estate until my son, John Van Cleave, arrives at the age of twenty-one (21). In case of the death of said Edmund Newell, before John Van Cleave arrives at the age of twenty-one, I will that J. C. Pepper of Henry county, Mo., shall succeed him as executor, with like rights and duties."

The will was admitted to probate in Wichita county on April 10, 1913. Edmund Newell duly qualified as independent executor of the estate. He died in December, 1914. This suit originated in the county court of Wichita county, after application made to said court by C. A. Walling, the father-in-law of John Van Cleave, for appointment as administrator of the estate of A. J. Van Cleave, deceased. Appellant, Pepper, resisted the appointment of Walling, but the county court appointed appellee permanent administrator. Appellant Pepper, appealed to the district court of Wichita county. On the day of the trial in the district court Mrs. Commie Z. Meyer, the sister of A. J. Van Cleave, deceased, and the nearest of kin to John Van Cleave, intervened and filed her application in said court, praying that she be appointed administratrix of said estate. Upon final hearing in the district court appellee was again appointed permanent administrator of the estate. From that judgment Pepper and Mrs. Myer have both appealed. Edmund Newell was the father-in-law of A. J. Van Cleave, deceased, and appellant, Pepper, was his nephew. After the death of Newell, Pepper, who had been managing the estate, under power of attorney from Newell, took charge of the property and proceeded to manage the affairs and business as executor. In the meanwhile John Van Cleave, at the age of 17, married the daughter of appellee, Walling. The pleadings of Walling in both courts charged mismanagement and fraud against Pepper, but neither the county nor the district judge made any such findings against him, and no question with reference to his conduct of the affairs of the estate was submitted to the jury. No question of fact is involved in the appeal, and the material evidence is all uncontroverted. On October 14, 1915, as part of this proceeding, appellant, Pepper, filed in the probate court of Wichita county his application to be appointed executor of the will of A. J. Van Cleave. By his answer appellee, Walling, resisted the application of both Pepper and Mrs. Myer, upon the grounds that they had waived and forfeited their rights, one to be appointed executor and the other administratrix. Upon issues submitted to the jury it was found that appellant had forfeited his right to be appointed executor, and that Mrs. Myer was not a suitable and proper person to be appointed administratrix, and that C. A. Walling was a proper and suitable person to be appointed administrator of said estate.

[1] The first proposition under the first assignment urged by appellant, Pepper, is as follows:

"The will of Van Cleave having created a personal trust in appellant, Pepper, and placed the estate in his hands in trust, until the heir reached his majority, and having made him independent executor, he was not subject to the orders or jurisdiction of the county court, and neither the county court nor the district court on appeal had jurisdiction to remove him or to declare his office vacant or to appoint an administrator."

It is urged under the second assignment that neither the county court nor the district court on appeal in the same case has jurisdiction to determine whether an independent executor had waived his office because such executor was not subject to the orders of the county court. When Newell qualified as executor, he took the oath prescribed by the statute for executors generally, and filed an inventory and appraisement of the estate. Appellant, Pepper, has never taken any oath as an executor, nor has he filed an inventory and appraisement, although the evidence shows that the estate increased in value under his administration of its affairs. It is held in Connellee v. Roberts, 1 Tex. Civ. App. 363, 23 S. W. 187, and in Patten v. Cox, 9 Tex. Civ. App. 299, 29 S. W. 184, 185, that an independent executor's qualification is complete upon probate of the will, and his acceptance with the return of an inventory, where required by law, and it is not essential that he take an oath. It seems to be intimated in the case of Journeay v. Shook, 105 Tex. 551, 152 S. W. 809, that an independent executor qualifies by taking the oath, but it is not held that he waives the right by delay in doing so. Vernon's Sayles' Civil Statutes, art. 3362, is as follows:

"Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and list of claims of his estate."

[2, 3] It is shown by the record that at the time of the death of A. J. Van Cleave he owed no debts. Neither in V. S. Civ. St. art. 3362, nor in any of the following articles, relating to the matter of independent executorships, is there any requirement that an independent executor should take the oath. Unless made so by statute an oath is not necessary. Leahy v. Haworth, 141 Fed. 850, 73 C. C. A. 84, 4 L. R. A. (N. S.) 657. As stated by Judge Brown in the cast of Roy v. Whittaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367:

"All executorships are personal trusts in the sense that they are based upon the confidence of the testator reposed in the person named"

—and since independent executorships must necessarily arise under a will, and the testator has relieved the appointee of the duty of filing a bond, unless there is something in the instrument to indicate a contrary intention upon the part of the testator, we can see no reason why an oath should be re-

quired. The oath of executors and administrators generally, as provided by the statute, is, in substance, that the appointee will well and truly perform all the duties of executor or administrator of the estate of the deceased, and the testator has shown by his act in naming such appointee that he believes the one so named will faithfully perform such duties. The trial court held that the failure of Pepper to file the oath before the application of Walling for appointment was tantamount to a waiver 'of his right to be appointed executor. We think this holding is error. Pepper was appointed executor by the testator. His designation as executor to succeed Newell by the terms of the will, and the probation of the will, was, we think, sufficient to perfect his appointment. But if we are mistaken in this we know of no rule which forbids his taking the oath now. While he did not take the oath, he took charge of the property of the estate and performed all the duties incumbent upon him as executor in a manner satisfactory to the judges of both lower courts. Occupying the place of a trustee named in the will, it was not necessary for him to formally accept the duties of the office to which the will appointed him. As said in Perry on Trusts (6th Ed.) § 260:

"Where trusts are by will vested in the executors as such, accepting and qualifying as executor accepts the trust. Acceptance may be presumed by acts of the trustee at or subsequent to the grant. If the trustee acts under the deed in the performance of the trust, he will be held to have accepted, though he has not executed the deed, and he may be liable for a breach of the trust."

Section 262:

"At common law an executor was said to derive his authority from the will; that a trustee under a will had accepted such trust and had assumed its responsibilities was admissible to show that a trustee under a deed had accepted the office." 29 Cyc. 252.

[4] In this case, in the trial below, the idea prevailed that the court had the right to inquire into the fitness of Pepper to execute the will. As said in Journeay v. Shock, supra:

"It [the granting of letters testamentary] was purely a ministerial act to be performed by the clerk independently of the judge, who exhausted his authority in that connection when he probated the will. The plain terms of the statute determine what should be done thereafter, and by whom. * * * To illustrate the difference between the granting of letters to an administrator and granting letters testamentary to an executor, we invite attention to article 1914 (Rev. St. 1895), which provides that letters of administration may be granted to any one of a number of persons mentioned, or to any person of good character residing in the county. Discretion in selecting such person is confided to the judge, which is a discretionary power, but letters testamentary must be granted to 'the person named in the will,' in which there is no discretion. It is purely ministerial. * * * 'Before granting letters testamentary, it must appear to the court * * * (5) that the person to whom the letters are to be granted is named as executor in the will.' Vernon's Sayles' Tex. Civ. Stats. art. 3293. This excludes the selection of an executor by the judge, and commands the issuing of letters to the person named. * * * We repeat, when the will has been probated, it becomes the duty of the judge to direct the clerk to issue letters to 'the person named in the will,' when he shall qualify. There is not a suggestion that the judge may refuse to issue letters 'to the person named in the will.' "

Pepper having been appointed independent executor as a successor to Newell, the question of his fitness was determined by the testator, and we think it is the duty of the trial court to accept the oath of Pepper whenever tendered, and order the issuance of letters upon his request. He had never repudiated the appointment, nor resigned, as did the executor in the case of Roy v. Whittaker, supra. In that case Arch Murphy, Jr., had been appointed independent executor of his father's estate, and later tendered his resignation to the county court and refused to act further, whereupon the court appointed H. M. Whittaker administrator.

[5] In this case Pepper has never refused to act, but has diligently and faithfully performed the duties devolving upon him as such executor. The only particular in which he has failed, if indeed it can be counted a failure, is in not taking the oath and filing an inventory and appraisement. There were no claims against the estate. Since he was diligently and carefully administering the estate, and there were no creditors, it is clear that the court was not authorized to appoint an administrator. If the conditions existed which demanded the appointment of an administrator, under the statute Mrs. Myer had the prior right. While the jury found that she was not qualified to act as administratrix, this finding is not sustained by a syllable of testimony. A discussion of this phase of the case, however, is not necessary.

Article 3279, Vernon's Sayles' Civil Statutes, provides that where the executor named in a will renounces, dies, becomes of unsound mind, or is removed or is disqualified, or shall neglect to accept and qualify within 20 days after the probate of the will, then administration with the will annexed shall be granted should such administration appear to be necessary. If this article was intended to apply to independent executors, it has no application in this particular case, because the record shows that appellant Pepper accepted the appointment by taking charge of the estate, performing the duties of an executor, and administering its affairs. If we construe the word "qualify," as used in the article, to mean taking the oath, then he has not heretofore qualified, but administration is not authorized unless he failed to qualify, and also to accept. The right to administer the estate is further limited by the article to the necessity of such administration. As disclosed by this record, the estate was not indebted in

any sum, and no necessity for an administration under the statute was shown.

Without considering the assignments in detail, we think the judgment of the district court should be reversed, and the judgment of this court is that the order ·appointing appellee, Walling, administrator be set aside, and that the estate be delivered to appellant, Pepper, as executor for management in accordance with the terms of the will.

Reversed and rendered.