Wheeler, J.
The amendment of the petition was admissible by way of replication to the plea of payment. Amendments should bo made in such time as not to operate a surprise to the opposite party, or unreasonably to delay the trial. There must he a limit to the right of amendment — a period in the progress of calls — beyond’which it will be within the discretion of the court to refuse or allow amendments as may seem most to accord with tho rights of the parties respectively and the ends of substantial justice. But whore, as in this case, the court has exercised its discretion in permitting an amendment which does not appear to have affected injuriously any right of the opposing party, though it might, perhaps, coining in at so late a period, have been rightfully refused, its allowance will not afford a ground for reversing tho judgment.
In respect to the appropriation of payments it is well settled, as a general rule, that the debtor lias a right to appropriate payments, and if lie docs not, *307 the creditor may. A debtor may control at will the application oí his payments. Where, therefore, a debtor owing several debts makes a payment to his creditor he may apply the payment to whichever debt he pleases. But if ho make, no specific designation the creditor may apply it as he pleases. And where neither party appropriates it tiie law will make tiie application according to the. justice of the case. (1 Mas. C. C. R., 323; 7 Cranch, 572; 4 Id., 317; 1 Pick. R., 332; 1 McCord, 308.) In this caso the debtor neglected to make tiie. application of his paymenis, and tiie creditor by his agent, his book-keeper, applied them as it was liis right to do. Interest was not charged upon the note when the application of tiie payments was made, nor was any computed by tiie jury in their verdict. They held the plaintiff to his application of tiie payments. They iuclnded in their verdict no part of the account, though as (lie payments were applied it was not extinguished; and allowed only tiie balance due upon the principal of the note. The defendant therefore can have no just cause of complaint. Tiie verdict gave him the full benefit of his payments and more.
A copy of tiie note was annexed to the petition. There was no general denial or plea putting in issue the existence or genuineness of the note. By the plea of payment tiie defendant took on himself the harden of proof. The effect of the pica standing alone was to admit tiiat the cause of action had existed as alleged, and to impose upon the defendant the necessity of proving that it had been extinguished by payment. It dispensed with proof by tiie plaintiff of his cause of action. ITad there been a general denial, or had the existence or genuineness of tiie note been put in issue, the plaintiff must have produced it as proof of his canse of action. The statute whicli dispenses with proof of the execution of the note, unless the signature of tiie maker he denied under oath, (Hart. Dig., art. 633,634,) does noCdispense with its production under the general denial of the cause of action, hut only with proof of its execution. This point was determined by the Supreme Court of the United States in construing a statute of Kentucky similar in its provisions to our own. The case was tried upon tiie general issue. There was no denial under oath, as prescribed by the statute of Kentucky, of the .execution and assignment of the notes declared on. It was insisted in argument that tiie statute dispensed with tiie rules of evidence as to the production of the notes. Tiie court, Mr. Justice Story delivering the opinion, said: “It would he most dangerous to allow that because “ tiie proof of the execution of an instrument was dispensed with, therefore no “proof of its existence or of the right of tiie party to hold it by assignment was “to be required. The production of the original might still be justly required “to ascertain its conformity with tiie declaration, to ascertain whether it re- “ mained in its genuine state, to verify tire title by assignment in the plaintiff, “to trace any payments which might have been made and indorsed, and to “secure the party from a recovery by a bona fide holder under a subsequent “assignment. These are important objects and which no wise Legislature “ would lose sight of; and it is too much to expect any court of justice to infer “upon so slight a foundation the abolition of those salutary rules of evidence “ which constitute tiie great security of the property and rights of the citizens.” (Sebree v. Dorr, 9 Wheat., 558, 504.)
To entitle Hie defendant to contest at tiie trial the plaintiff’s cause of action he should have put it in issue bjr a general denial or other plea. Not having done so, hut having pleaded payment with a copy of the note containing tiie alleged alteration before him, he was not in a condition to contest its genuineness or to question that the alteration hart been made until the consent of the maker. If by ids answer the defendant liad given notice of his intention to impeach the legal validity of tiie note, or to dispute tiie cause of action set out in the petition, tiie plaintiff might have come prepared satisfactorily to explain tiie alteration. Under the issues the instruction was rightly refused, and there is no error in the judgment.
But although the cause of action was not put in issue to enable the defendant to contest the existence or genuineness of the note sued on, yet a correct prae- *308 tice required its production upon the rendition of judgment to preserve regularity in the proceedings and for the security of the defendant.
Note 109. — Proctor v. Marshall, 18 T., 03. General payments on a usurious contract will be imputed to the principal sum. (Stanley v. Weslrop, 30 T., 200.) The creditor has no power to act capriciously, or to make such designation as would unreasonably operate to the prejudice oi'tlio defendant. (Taylor v. Coleman, 20 T., 772.)
Note 110. — Able v. Chandler, 12 T., S8; Bond v. Mallow, 17 T., G3G; Kinnavd v. Ilorloek, 20 T., 48; Davis -y. Marshall, 25 T., 372; Bedwell v. Thompson, 25 T. Stipp., 245. When the deibndaut has plead the general issue, ana it is not noticed by the court, lie should move for a now trial or to sot aside the judgment, or he cannot be heard on appeal. (Robinson u Mattison, 25 T. Supp., 451.)
Judgment affirmed.