Wheeler, C. J.
—The answer contained a general denial; and repeated decisions of this court have settled, that although the general denial pleaded to an action on a promissory note does not put the plaintiff on proof of the execution of the note, it requires its production in evidence; and hence, that it is a defense to the action, which will preclude the plaintiff from taking judgment by default. (Rinnard v. Herlock, 20 Tex., 48; Able v. Chandler, 12 Tex., 88; Matossy v. Frost, 9 Tex., 610.) The court therefore erred in sustaining the exceptions to the entire answer, including the general denial, and proceeding to give judgment for the want of an answer; and for this error the judgment must be reversed. The exceptions were well sustained to the plea impeaching the consideration of the note sued on. It is quite clear that the alleged parol contemporaneous agreement could not be set up to vary the *247 terms of the written contract. The only matter of defense pleaded, which seems deserving of notice, is the fraudulent representation of the plaintiff respecting the title to the land, which was the consideration of the note. But this appears in the answer rather by way of recital than by direct averment; and, moreover, it is not averred that the defendant was thereby induced to make the purchase, or that he was deceived or misled by the representation to his prejudice. In this respect the plea is manifestly insufficient. But, for the error in sustaining the exceptions to the general denial, the judgment must he
Reversed and the cause remanded.