W. S. BANNISTER, COUNTY JUDGE, v. W. J. WALLACE ET AL.

Decided October 21, 1896.

1. Payment—Burden of Proof—Convict's Bond.

In a suit on an obligation to pay a given sum of money at a specified time the burden is on defendant to prove payment, after the plaintiff puts in evidence the executed obligation. This principle applies to a suit upon a bond given to the County Judge for hire of a county convict.

2. Practice—Reopening Evidence.

It seems the proper course to permit a case to be reopened after evidence closed, to supply proof of an essential fact inadvertantly omitted, though the omission was first suggested by the court.

**3. Contract—Signing on Condition.**
One who has signed an obligation as surety and entrusted it to the principal is not relieved from liability by an understanding with the principal that he would procure a certain other person to sign as surety, where the bond was accepted by the payee without notice of such conditional signing by the surety.

**4. Contract—Signature by Agent.**
Parol authority is sufficient to authorize one to sign the name of another to a bond in writing.

APPEAL from the District Court of Delta County. Tried below before Hon. E. W. TERHUNE.

*W. E. Sharp,* County Attorney, and *W. F. Whitten,* for appellant.— The convict bond sued on, when regularly introduced in evidence, in the absence of any plea of payment or contest as to payment, when its execution and delivery had been duly proven, and in the absence of any testimony impeaching the bond, was prima facie evidence of plaintiff's cause of action and its non-payment. Rev. Stats., art. 1266; 2 White and W. App. C., 132; Hutchins v. Hamilton, 34 Texas, 290; 18 Am. & Eng. Ency. of Law, 253; Lott v. Achilles, 27 S. W. Rep., 587; Tolbert v. McBride, 75 Texas, 97; 12 S. W. Rep., 752.

When plaintiff asked leave of the court to withdraw his announcement of ready for trial and permit him to introduce oral testimony of non-payment of the bond sued on, it was error not to do so. Griffith v. Eliot, 60 Texas, 335.

No contemporaneous agreement by a surety will release him if such agreements are oral and the payee was not a party to the agreement or knew nothing about such agreements. Gary v. State, 11 Texas Crim. App., 527; Brown v. State, 18 Texas Crim. App., 326; Dwiggins v. Bank, 27 S. W. Rep., 171; State v. Peck, 53 Me., 284; 77 Texas, 26; 56 Texas, 78; Murfree, Official Bonds, 107.

[No briefs for appellees have been received.]

COLLARD, ASSOCIATE JUSTICE.—This suit was originally brought January 5, 1895, in the Justice Court of Precinct No. 1, of Delta County, by appellant, W. S. Banister, County Judge, for the use of the county, against appellees, W. J. Wallace, Ed. Coston and W. B. Lester, upon a convict bond executed by appellees in the sum of $200, payable in five installments, being the amount of fine and costs adjudged against convict Bob Wallace in cause No. 860 by the County Court of the county.

There was a trial in the Justice Court, verdict and judgment for the plaintiff in the amount of the bond, from which the bondsmen appealed to the District Court, where there was a trial de novo by the court without a jury, resulting in a judgment for the defendants, from which this appeal is taken.

The bond was for $200, as before stated, for fine and costs of that amount adjudged against the convict hired by W. J. Wallace, the prin-

cipal in the bond, at ten dollars per month until the fine and costs should be discharged, "the same being due and payable,". as stipulated in the bond, "as follows: twenty-five dollars payable on the 1st day of October, 1893, twenty-five dollars payable on the 1st day of November, 1893, twenty-five dollars on the 1st of December, 1893, twenty-five dollars on the 1st day of January, 1894, and one hundred dollars payable on the first day of January, 1895." The bond was conditioned that it should be null and void in case W. J. Wallace, principal, should promptly and faithfully pay to the County Judge the amounts of money to become due, according to the tenor of the bond, and treat the convict humanely while in his employ, furnishing him with a sufficient quantity of good and wholesome food and comfortable clothing, and medicine when sick, etc. The bond was signed by W. J. Wallace, as principal, and Ed. Coston and W. B. Lester as sureties. It was accepted and approved by the County Judge, and the convict accordingly discharged.

After the submission of the testimony on the trial in the District Court, both parties declining to argue the case, the judge stated that he desired authority upon two propositions, but as one was upon a matter of evidence, he would not permit either side to offer further testimony, "as," he says, "I would suggest wherein I thought the evidence not sufficient. I then asked counsel for authority as to plaintiff's right to recover, he having failed to prove non-payment of the fine and costs, to secure which the bond was given. Then plaintiff's counsel offered to make the proof, and, as I had suggested the point, I thought it unfair to defendants' counsel to permit the case to be reopened and proof made on the point suggested by me, and refused to permit the proof." The plaintiff reserved an exception to the ruling, and assigns it as error.

*Opinion.*—1. If proof of non-payment were necessary to a recovery by plaintiff, the court should have allowed it to be made. But such proof was not necessary. The burden of proof of payment was upon the defendants, even if they had filed a plea to that effect verified by affidavit, which had not been done. The bond was a special undertaking and contract to pay a named sum of money on certain dates, and it contained no condition that it could be satisfied or discharged in any other way. It was an obligation to pay the amount stated, and upon maturity would of itself support the action in the absence of a defense of payment. There was no intimation in the proof of plaintiff's case that any amount had been paid on the bond. The rule is elementary that in action of debt on an obligation to pay a given sum of money at a specified time, the burden is on the defendant to prove payment, after the plaintiff puts in evidence the executed obligation.    2 Greenl. Ev., sec. 516.

2. It seems that W. J. Wallace presented the bond to W. B. Lester for his signature, and Lester testified that he signed the bond with the understanding that Wallace was to get John and Aleck Coston also to sign it, and he did not know that it had been approved without their signa-

tures.   The County Judge approved it without any knowledge or this understanding.   Lester could not be relieved of liability on the bond because of the agreement with him and Wallace that others were to sign the bond who had not done so—the fact not having been communicated to the County Judge.   Such a private understanding between the principal and surety would be no defense, Lester having delivered the bond to Wallace signed by him.   Carter v. Moulton, 20 Law. Rep. Ann., 309; Cartwright v. Dickinson, 7 Law. Rep. Ann., 707.

3.   The testimony shows that L. C. Hobbs signed Ed. Coston's name to the bond by parol authority of the latter.   Such authority was sufficient to bind the principal.

4.   The judgment of the lower court was erroneous; it should have been in favor of plaintiff.   There was no defense offered to defeat the liability of defendants, and the judgment of the lower court will be reversed, and judgment here rendered for the plaintiff for the amount of the bond—$200,—to bear interest from the date of the judgment in the court below at six per cent per annum—such judgment as should have been rendered in the trial court.

*Reversed and rendered for plaintiff below.*