GARRETT et al. v. GRISHAM.

(Court of Civil Appeals of Texas. Amarillo. April 5, 1913. Rehearing Denied May 3, 1913.)

1. EVIDENCE (§ 332*)—RECORDS—SUPERSEDEAS BOND.
Sayles' Ann. Civ. St. 1897, art. 2318, provides that when any pleading shall be founded on any instrument in writing, charged to have been executed by the other party, such instrument shall be received in evidence without proof of its execution, unless its execution be denied under oath. Held, that in the absence of an affidavit denying the execution of a supersedeas bond filed in another county, in an action for breach thereof, the original bond was admissible in evidence, and plaintiff was not required to prove it by a certified copy under article 2306.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. § 332.*]

2. APPEAL AND ERROR (§ 931*)—FINDINGS—REVIEW.
Where, in an action for damages for withholding certain land, the court, under admissible evidence, might have found the value of the use of the land to have been much more than the amount he did find, the appellate court would not presume that he based his finding on certain evidence of damage which was improper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

3. PAYMENT (§ 59*)—PLEA—NECESSITY.
Payment is an affirmative defense, and must be specially pleaded and proved.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 143½; Dec. Dig. § 59.*]

Appeal from District Court, Fisher County; L. B. Allen, Judge.

Action by R. N. Grisham against H. N. Garrett and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Charles Gibbs and W. E. Allen, both of Midland, for appellants. H. C. Hughes, of Sweetwater, for appellee.

HALL, J. J. P. Robertson, as plaintiff, recovered a judgment in the district court of Martin county in October, 1907, against I. R. Williams, J. W. Williams, and T. J. Barnes as defendants for the title and possession of two sections of land located in said county. From this judgment the defendant T. J. Barnes perfected an appeal by filing in due time a supersedeas bond with H. N. Garrett and S. P. Carroll as sureties. The judgment was affirmed by the Court of Civil Appeals for the Second District. No motion for rehearing was filed and no application for writ of error made. During the pendency of the appeal T. J. Barnes continued to use and occupy the two sections of land. In January, 1912, J. Robertson, plaintiff in the former suit, and the obligee in said supersedeas bond, assigned his interest therein and claim for damages thereunder to R. N. Grisham, appellee in this appeal, and on February 1, 1912, Grisham instituted this suit in the district court of Fisher county as assignee against the appellees as sureties on said supersedeas bond for damages alleged to have accrued to his assignor J. P. Robertson on account of the possession by said Barnes of the land in question during the pendency of the appeal. Barnes was alleged to be a nonresident of the state of Texas, and notoriously insolvent, and was not made a party. A trial before the court without a jury resulted in a judgment against appellants in the sum of $300. The trial judge filed find-

ings of fact and conclusions of law, and found that the rental value of the two sections of land was $100 per section per year. Plaintiff's allegation was that he was deprived of the possession during the pendency of the appeal for a term of 18 months.

[1] The first error assigned is to the admission in evidence of the original supersedeas bond, upon which the suit was based, and appellant insists that it being an original document, filed among the court papers in a cause pending in another county, the original was not admissible in evidence in this case, but that a certified copy under article 2306, Sayles' Civil Statutes, alone was admissible. There is no contention that the instrument introduced in evidence was not the original supersedeas bond. In support of their contention appellants cite the cases of Hardin v. Blackshear, 60 Tex. 132, and Wallis v. Beauchamp, 15 Tex. 303. In the Hardin v. Blackshear Case, Associate Justice West said: "Where the original papers in a judicial proceeding sought to be introduced are a part of the official records of the court where the case is being tried, or are brought into open court from the county court of the same county, in the custody of the clerk of that court, it has been held under such circumstances such original papers are admissible in evidence. * * * Where, however, the supposed original papers of other and distant courts of record of this state are found in the hands of private individuals and from this source are offered in evidence, a different question is presented. 'Necessity,' says Chief Justice Hemphill, 'requires the records of other courts to be proved by transcripts. The records themselves must remain in the proper office and in the custody of their keeper and transcripts or copies only can be used for their proof elsewhere.'" 15 Tex. 305. We do not construe this decision to mean that an original paper from the files of the court of another county, if properly proven, is not under any circumstances admissible. It is also said in the case above quoted (Hardin v. Blackshear): "The record does not explain how or in what manner the original papers and records of the district court of Leon county came to be produced and offered in evidence in the district court of Anderson county. The clerk of the district court of Leon county is the proper and lawful custodian of those records. There is no pretense that he was present in court or had them in his official custody when they were offered in evidence." The matter seems to resolve itself into one purely of proof of execution of the instrument introduced. We know of no statute, and have been cited to none, which would prohibit the judge of one county or even the clerk of the court in one county from permitting the temporary withdrawal of any paper upon file in any case pending therein; and, so far as we know, the supersedeas bond in this suit may have been obtained under just such conditions. If no proof of its execution had been made, the two cases cited by appellant would apply, but in this case the bond itself was the basis of the plaintiff's action, and article 2318, Sayles' Civil Statutes, provides: "When any petition, answer or other pleading shall be founded in whole or in part, on any instrument or note in writing, charged to have been executed by the other party or by his authority, and not alleged therein to be lost or destroyed, such instrument or note in writing shall be received as evidence, without the necessity of proving its execution, unless the party by whom or by whose authority such instrument or note in writing is charged to have been executed, shall file his affidavit in writing denying the execution thereof," etc. There was no sworn denial of the execution of the supersedeas bond sued on in this case filed by the defendants or either of them in the trial court, and we think the original bond was for that reason clearly admissible in evidence.

[2] Appellant's second assignment of error is: "The court erred in permitting the witness J. P. Robertson to testify that witness had been offered $100 bonus per section per year on the lands in question and other lands"—and the third assignment is: "The court erred in finding that the rental value of said two sections of land was $100 per section per annum during the time the original case was pending on appeal." Contention is made under these two assignments that there is no evidence to support the court's judgment in the sum of $300. One witness testified that the rental value of the land was 75 cents per acre per annum. Three other witnesses placed such value at from five to eight cents per acre. Appellant insists that we must presume that the court considered the illegal testimony complained of in the second assignment of error in arriving at the amount of his finding. The court was the judge of the credibility of the witnesses and the weight to be given to their testimony, and, since he might have under the evidence found a much greater sum than $300 we cannot assent to such contention.

[3] By the fourth assignment appellants contend that there was no evidence that the indebtedness sued for had not been paid. Payment is an affirmative defense, and must be pleaded specifically and proved. Bannister v. Wallace, 14 Tex. Civ. App. 452, 37 S. W. 250.

Finding no reversible error in the record, the judgment of the trial court is affirmed.