**PIERCE et al. v. BAKER. (No. 2510.)**

(Court of Civil Appeals of Texas. Texarkana. March 8, 1922. Rehearing Denied March 16, 1922.)

**1. Bills and notes ⬅⟶499—Burden of proving payment is on defendant.**

The burden of proving payment, which, under Rev. St. art. 1907, must be specially pleaded, is on defendant.

**2. Evidence ⬅⟶94—Burden of evidence, but not of proof, may be shifted.**

The burden of proof, as determined by the pleadings, never shifts, but the burden of evidence may shift.

**3. Evidence ⬅⟶409, 433(1)—Release deed held not a contract, and was subject to explanation by parol.**

In an action on a vendor's lien note, a release deed pleaded by defendant *held* not a contract, and conclusive of payment, but subject to explanation by parol as a mistake, and intended to release different notes.

**4. Payment ⬅⟶65(8)—Burden of proof not shifted by plaintiff's denial of validity of release.**

In an action on a note, where defendant pleaded a release deed, acknowledging payment, to which plaintiffs replied that such deed, through mutual mistake, described the wrong note, the burden of proving payment remained on defendant, plaintiffs' reply being merely a denial of defendant's affirmative defense.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by W. B. Pierce and another against G. W. Baker, Jr. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

The suit was brought against the appellee by appellants, heirs at law of R. N. Pierce, deceased, to recover on a vendor's lien note for $1,000, dated December 24, 1918, and payable on or before January 1, 1920, to R. N. Pierce, and to foreclose the vendor's lien against the land.

The appellee answered by general denial, and specially pleaded that he had fully paid all the principal and interest of the note during the month of January or February, 1919, upon the agreement that he could pay off said note at the time it was so paid, and that at the time he made the payment there was executed, acknowledged, and delivered to him a written release deed acknowledging payment of the note, and releasing the lien against the land, and which release deed was by the appellee filed and caused to be placed of record in the deed records of Fannin county on May 9, 1919.

The appellants by supplemental petition replied to the defendant's answer by general denial, and specially pleading that the release deed pleaded by the defendant was intended by the parties thereto for a release of

---

two $500 notes given as a part of the consideration of the purchase money under a former and different conveyance of land by H. G. Dulaney, and that neither the defendant not the plaintiffs were parties to that conveyance, and that said release deed, through mutual mistake of the parties thereto, expressed and described the note sued on instead of the two $500 notes, and that its execution was on account of a mutual mistake of the parties thereto.

In accordance with the verdict of the jury a judgment was entered in favor of the defendant.

The court submitted the case to the jury upon the single special issue as follows:

"Question 1. Do you find from the evidence that the note sued on in this case has been paid by G. W. Baker, Jr.? (Answer Yes or No.) The burden of proof is on the plaintiffs to show by the preponderance of the evidence their right to recover in this case. You are the judges of the weight of the testimony and of the credibility of the witnesses."

The jury answered the question, "Yes." The plaintiffs in the suit introduced in evidence the note sued on and described in their pleading, signed by W. H. Gilley. R. N. Pierce was the legal owner and holder of the note, and plaintiffs were the owners after R. N. Pierce died, being his heirs. And it was shown by a deed, signed by H. G. Dulaney and wife, that said grantors conveyed on August 17, 1918, to W. H. Gilley the land in suit, about 3 acres in the town of Ector, in Fannin county, the consideration being, among other things, the note sued on, and a vendor's lien was expressly reserved. On December 7, 1918, W. H. Gilley, joined by his wife, by deed conveyed the same land to G. W. Baker, Jr., the defendant. The deed recites the consideration of $3,500 paid and to be paid by G. W. Baker, Jr., as follows: $500 cash "and the assumption of a $1,000 note payable to R. N. Pierce," and one note of even date for $2,000, due January 1, 1919, A vendor's lien was expressly retained in the deed.

The defendant offered in evidence a release deed to W. H. Gilley signed by R. N. Pierce on December 24, 1918, reciting that on August 17, 1918, H. G. Dulaney and wife, by deed conveyed to W. H. Gilley three acres of land in the town of Ector, retaining a vendor's lien to secure payment of a note for $1,000 due January 1, 1920, and that such note had been paid to R. N. Pierce, the legal owner and holder of the note, and acknowledging payment of the note and discharge of the lien. The release deed was recorded May 9, 1919. And the defendant further introduced a great deal of evidence tending to show that he had in fact paid the note. The plaintiffs introduced a great deal of evidence tending to show that the release was executed by reason of a mistake, and that the note was not in fact paid by the defendant, but was owing by him.

A sharply disputed and balanced issue of fact arises in the evidence as to whether or not the note sued on was paid and the release deed executed by reason of a mistake.

Cunningham, McMahon & Lipscomb and Paul McMahan, all of Bonham, for appellants.

Thos. P. Steger, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The court submitted to the jury the sole issue in the case in the manner following:

"Question 1. Do you find from the evidence that the note sued on in this case has been paid by G. W. Baker, Jr.? (Answer Yes or No.) The burden of proof in on the plaintiffs to show by a preponderance of the evidence their right to recover in this case. You are the judges of the weight of the testimony and of the credibility of the witnesses."

The appellant objected to and predicated error upon giving the instruction relative to "the burden of proof," upon the ground that, the only issue in the case submitted to the jury being the question of payment of the note, which was an affirmative defense pleaded by the defendant, it was error to place, as the instruction had the effect to do, the burden of proof on the plaintiffs to establish that the note had not been paid.

[1] Manifestly the instruction placing the burden of proof would reasonably be construed by the jury as having reference to the answer of question No. 1, the only question submitted to them. That single question at issue was the payment or nonpayment of the note sued on. Therefore the correctness or incorrectness of the instruction given and complained of becomes very pertinent in this case, in view of the fact that that sole question was submitted to the jury to answer upon the very conflicting evidence. It is settled in this state by the express terms of the statute that payment must be specially pleaded as a defense by the defendant, else it cannot be proven by him. Article 1907, R. S. A plea of payment is then a specially pleaded affirmative defense, operating, in effect, to admit that a cause of action as stated in the petition once existed, but at the same time seeking to avoid the original legal liability of the defendant by showing that such cause of action ceased to exist. And as an affirmative defense the plea of payment, as is evident, tenders an affirmative issue, logically necessitating the establishing by the defendant of the truth of the payment of the debt sued on. It becomes the proper order of proof for the plaintiff to offer evidence on that subject only after the defendant had introduced proof to support his plea of payment. Accordingly the burden of proof must be assumed by the party interposing the plea and asserting the affirmative of the issue as

determined by the pleadings. And that is the rule applicable, we think, in this state. Matossy v. Frosh, 9 Tex. 610; Hutchins v. Hamilton, 34 Tex. 290. In the Case of Matossy, supra, the defendant pleaded payments, and the court said:

"By the plea of payment, the defendant took on himself the burden of proof. The effect of the plea, standing alone, was to admit that the cause of action had existed, as alleged, and to impose upon the defendant the necessity of proving that it had been extinguished, by payment. It dispensed with proof by the plaintiff of his cause of action."

[2] The burden of proof, as determined by the pleadings, never shifts from that party; but the burden of evidence, in distinction from the burden of proof, may be shifted upon the party who does not have the affirmative of the issue, the position, though, of the "burden of proof" being in no way affected. 16 Cyc. p. 932; 22 C. J. p. 67.

[3, 4] The release deed in evidence was not a contract, and conclusive of payment of the note. It was subject to be explained by parol evidence as a mistake, and intended by the parties to include another and different note than the one sued on. The release deed could only be conclusive if not rebutted by evidence on the plaintiffs' part. And both the allegation and proof of mistake by plaintiffs could only be treated as a denial and rebuttal of the defendant's affirmative defense and issue. The burden of proof was not changed. We think the case of the Illinois Steel Bridge Co. v. Wayland, 107 Kan. 532, 192 Pac. 752, correctly applies the rule as applicable to this state, and to the points here involved in this case.

In this particular case, in view of the single issue submitted, we think the instruction complained of should not have been given to the jury, and constitutes error requiring that the judgment be reversed, and the cause remanded for another trial.