## BAKER v. PIERCE et al. (No. 2696.)*

(Court of Civil Appeals of Texas. Texarkana. Feb. 23, 1923. Rehearing Denied March 1, 1923.)

1. **Trial ⚌25(11)—Defendant, filing admissions before pleadings read to jury or any evidence offered, not entirely without rule entitling him to open and close evidence and argument.**

A defendant, filing and presenting his admissions under rule 31 (142 S. W. xiii), relating to the practice in district and county courts in order to establish his right to open and conclude in adducing the evidence and in argument, is not entirely without the rule, if he presents the admissions and request before the pleadings are read to the jury and before any evidence is offered.

2. **Trial ⚌25(11)—"Issues of fact are settled," when issues of law arising on pleadings and pleas in abatement determined.**

The "issues of fact are settled," within the meaning of rule 31, relating to the practice in district and county courts, when the issues of law arising on the pleadings and all pleas in abatement, as provided in Rev. St. art. 1947, shall be determined.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Issue of Fact.]

3. **Trial ⚌25(11)—Term "before the trial commences" means when case is ready to open on merits.**

The term "before the trial commences," as used in rule 31 (142 S. W. xiii), governing the practice in district and county courts, providing that a defendant, in order to establish his right to open and conclude in adducing the evidence and in argument, must file and present to the court his admissions after the issues of fact are settled and before the trial commences, means and refers to the time when the opening of the case on its merits or the proceeding on a trial is ready to begin, as outlined in Rev. St. art. 1951, providing that the order of proceeding shall be, first, the reading of the pleadings to the jury, and then the introduction of the evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Before.]

4. **Trial ⚌25(2)—Court without discretion to refuse defendant's right to open and conclude evidence and argument after compliance with rule as to filing admissions.**

When a defendant properly complies with rule 31 (142 S. W. xiii), relating to the practice in district and county courts and providing that a defendant, in order to establish his right to open and conclude in adducing evidence and in argument, must file and present to the court his admissions after the issues of fact are settled and before the trial commences, the matter of opening and concluding the evidence and argument is a right, and not subject to the discretion of the court to refuse.

5. **Trial ⚌25(7)—Rule that defendant, filing admissions after issues of fact settled and before trial commences, entitled as of right to open and conclude evidence and argument, available under pleas of fraud, mistake, and like pleas of confession and avoidance.**

The rule that where a defendant complies with rule 31 (142 S. W. xiii), relating to the practice in district and county courts, providing that, where defendant files and presents to the court his admissions after the issues of fact are settled and before the trial commences, he is entitled as of right to open and conclude the evidence and argument, is available in all causes of action where the defense is fraud, mistake, failure of consideration, and like pleas of confession and avoidance.

6. **Trial ⚌25(14)—Rule that defendant, filing admissions after issues of fact settled and before trial commences, entitled as of right to open and conclude evidence and argument, not available to defendant in action on note who pleads alleged payment.**

In an action on a vendor's lien note, where the defense is that the note had been paid, the rule that where a defendant complies with rule 31 (142 S. W. xiii), relating to the practice in district and county courts, and providing that, if defendant files with the court his admissions after the issues of fact are settled and before the trial commences, he is entitled to open and conclude the evidence and argument as of right, is not available nor applicable.

7. **Evidence ⚌317(4)—Evidence as to statement of third person held subject to objection as hearsay.**

In an action on a note, where defendant pleaded a release deed acknowledging payment, to which plaintiffs replied that such deed through mutual mistake described the wrong note, evidence of plaintiff's witness that a third person told the witness that the release in question described the wrong note, the one assumed in the deed, was subject to the objection that it was hearsay evidence and a

statement not made in the presence or hearing of the defendant.

**8. Appeal and error ⬡⟾1050(1)—Admission of hearsay evidence held harmless error.**

In an action on a note, where defendant pleaded a release deed acknowledging payment, to which plaintiff replied that such deed through mutual mistake described the wrong note, the admission of hearsay evidence as to the character of the release pleaded by defendant *held* not sufficient ground to reverse the judgment for plaintiff, in view of all the facts and circumstances.

**9. Payment ⬡⟾65(8)—Burden of proof not shifted by plaintiff's denial of validity of release of vendor's lien note.**

In an action on a vendor's lien note, where defendant pleaded a release deed, acknowledging payment, to which plaintiffs replied that such deed through mutual mistake described the wrong note, the burden of proving payment remained with defendant; plaintiffs' reply being merely a denial of defendant's affirmative defense.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by W. B. Pierce and others against G. W. Baker, Jr. From a judgment for plaintiffs, defendant appeals. Affirmed.

See, also (Tex. Civ. App.) 238 S. W. 699.

The appellees, heirs at law of R. N. Pierce, deceased, brought the suit against the appellant to recover on a vendor's lien note for $1,000, dated December 24, 1918, and payable on or before January 1, 1920, to R. N. Pierce; and to foreclose the vendor's lien against the land. The appellant answered by a general denial, and specially pleaded that he had fully paid all the principal and interest of the note during the month of January or February, 1919, upon the agreement that he could pay off the said note at the time it was so paid, and that at the time he made the payment there was executed, acknowledged, and delivered to him a written release deed, acknowledging payment of the note and releasing the lien against the land, and which release deed was by the appellant filed and caused to be placed of record in the deed records of Fannin county on May 9, 1919. The appellees by a supplemental petition replied to the answer by general denial, and specially pleading that the release deed pleaded was intended by the parties thereto as a release of two $500 notes, given as a part of the consideration of the purchase money under a former and different conveyance of land by H. G. Dulaney, and that neither the defendant nor the plaintiffs were parties to that conveyance, and that said release deed, through mutual mistake of the parties thereto, expressed and described the note sued on, instead of the two $500 notes, and that its execution was on account of a mutual mistake of the parties thereto.

The court submitted the case to the jury upon the single special issue as follows:

"Q. 1. Do you find from the evidence that the note sued on in this case has been paid by G. W. Baker, Jr? Answer Yes or No. You are the judges of the weight of the testimony and of the credibility of the witnesses."

The court gave the further special charge:

"In answering question No. 1 you are instructed that the burden of proof is on the defendant; and, unless you believe the defendant has produced a preponderance of the evidence on the issue submitted in question No. 1, you will answer such question in the negative."

The jury answered the question in the negative.

A sharply disputed and balanced issue of fact arises in the evidence as to whether or not the note sued on was paid and the release deed executed by reason of a mistake, and the verdict of the jury is sustained. The plaintiffs in the suit introduced in evidence the note sued on and described in their pleading, signed by W. H. Gilley, R. N. Pierce was the legal owner and holder of the note, and plaintiffs were the owners after R. N. Pierce died, being his heirs. And it was shown by a deed, signed by H. G. Dulaney and wife, that said grantors conveyed on August 17, 1918, to W. H. Gilley the land in suit, about three acres in the town of Ector, in Fannin county, the consideration being, among other things, the note sued on, and a vendor's lien was expressly reserved. On December 7, 1918, W. H. Gilley, joined by his wife, by deed conveyed the same land to G. W. Baker, Jr., the defendant. The deed recites the consideration of $3,500 paid and to be paid by G. W. Baker, Jr., as follows: $500 cash "and the assumption of a $1,000 note payable to R. N. Pierce," and one note of even date for $2,000 due January, 1919. A vendor's lien was expressly retained in the deed. The defendant offered in evidence a release deed to W. H. Gilley, signed by R. N. Pierce on December 24, 1918, reciting that on August 17, 1918, H. G. Dulaney and wife by deed conveyed to W. H. Gilley three acres of land in the town of Ector, retaining a vendor's lien to secure payment of a note for $1,000 due January 1, 1920, and that such note had been paid to R. N. Pierce, the legal owner and holder of the note, and acknowledging payment of the note and discharge of the lien. The release deed was recorded May 9, 1919. And the defendant further introduced a great deal of evidence tending to show that he had in fact paid the note. The plaintiffs introduced a great deal of evidence tending to show that the release was executed by reason of a mistake, and that the note was not in fact paid by the defendant, but was owing by him.

After both parties had announced ready for trial on the merits of the case, and after the jury had been impaneled, but before the pleadings had been read to the jury, and before the introduction of any evidence, the defendant filed and presented to the court the following written admission:

"Now comes G. W. Baker, Jr., defendant, in the above entitled and numbered cause, after the issue of facts were settled and before the trial commenced, and admits that the plaintiff has a good cause of action as set forth in their pleadings, except so far as it may be defeated, in whole or in part, by facts of the answer constituting a good defense, which may be established on the trial of this case, and defendant makes this motion in order that defendant may have the right to open and conclude in adducing the evidence in this cause, and in the argument of counsel in this cause.

The court denied the request to open and conclude in adducing the evidence and in argument.

Wheeler & Leslie and Thos. P. Steger, all of Bonham, for appellant.

Cunningham, McMahan & Lipscomb, of Bonham, for appellees.

LEVY, J. (after stating the facts as above). [1-6] Error is predicated upon the ruling of the court refusing to grant the appellant's request to open and conclude in adducing the evidence and in argument of the case. The court refused the request upon the ground, as stated in the bill of exception, that "the motion was not timely under rule 31." Under rule 31 (142 S. W. xiii), governing the practice in the district and county courts, the defendant is required, in order to establish for himself the right to open and conclude in adducing the evidence and in argument, to file and present to the court the admissions therein provided, at the following time, viz.: "After the issues of fact are settled, and before the trial commences." A defendant is not, we think, entirely without the terms of the rule, properly construed, if he, as here done, makes and presents the admission and request before the pleadings are read to the jury and before any evidence is offered. Duke v. Walter (Tex. Civ. App.) 227 S. W. 714. "The issues of fact are settled" in a case, within the meaning of the rule, when "the issues of law arising on the pleadings, and all pleas in abatement," as provided in article 1947, R. S., "shall be determined." And the term "before the trial commences" means and refers to the time when the opening of the case on its merits, or the order of proceeding on "a trial," is ready to begin, as outlined in article 1951, R. S. Article 1951, R. S., directs that the order of proceeding on a "trial" of a case shall be, first, the reading of the pleadings to the jury, then the introduction of evidence. It is the rule in this state that when the defendant properly complies with rule 31, in cases where the said rule applies, the matter of opening and concluding the evidence and the argument is a right, and not a subject of the court's discretion to grant or refuse. Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221. As appears to have been held, the said rule is available and applicable, and intended so to be, where the defenses to a cause of action are fraud, mistake, failure of consideration, and such like pleas of confession and avoidance, but that where the defense to a suit on a note is that of payment its terms are not available and applicable. Meade v. Logan (Tex. Civ. App.) 110 S. W. 188. Hence in the instant case the appellant was not injured by the refusal of the court to grant the request.

[7, 8] The plaintiffs asked the witness Gilly the question, "What did Mr. Wheeler tell you about this release, as to what he wanted?" and the witness answered, "Well, he told me it was the wrong release; that it described the wrong note, the one that was assumed in the deed." The appellant objected to the question and to the answer, upon the ground that same was hearsay and not in the presence or hearing of the appellant; and the court overruled the objection. The answer is subject to the objection that it was hearsay, but the admission of the evidence does not, we conclude, afford ground to reverse the judgment, when all the facts and circumstances are considered.

[9] The third, fourth, and fifth assignments of error pertain to the question of burden of proof heretofore decided in the former appeal of this case. Pierce v. Baker (Tex. Civ. App.) 238 S. W. 699. We think, as determined in that case, that the burden of proof remained on the party who was required to first introduce evidence on the affirmative pleading.

The judgment is affirmed.