## GREENWOOD v. SENTER.
### No. 4087.

Court of Civil Appeals of Texas. Texarkana. Nov. 23, 1931.

Rehearing Denied Nov. 26, 1931.

McCart, Curtis & McCart and Goree, Odell & Allen, all of Fort Worth, for appellant.

Marvin H. Brown & Son, of Fort Worth, for appellee.

**LEVY, J.**

The suit was by the appellee to recover of appellant attorney's fees for services rendered by him in three certain suits, styled respectively J. P. Yeldell v. J. W. Greenwood, in the district court of Freestone county; M. P. Layden et al. v. A. L. Huey et al., in the district court of Kaufman county; and J. H. Babbington et al. v. J. W. Greenwood and J. M. Senter, in the district court of Coleman county. The fee claimed in the latter suit in the district court of Coleman county was, as the trial court held, barred by limitation and it is not involved in this appeal. The appellee claimed that. he was entitled to a reasonable fee for the services, as there was no fixed agreement with respect to the amount, of $1,000 in the Yeldell Case, and $1,500 in the Layden Case, less a credit of $350 for payments made. The court submitted the following issues to the jury:

"1. What, if anything, do you find from the evidence in the case, is the reasonable value of the services rendered by the plaintiff to the defendants, in the Yeldell suit, filed in the District Court of Freestone County, Texas? Answer in dollars and cents." Answer: "$500.00 exclusive of retainer."

"2. Did the defendant Greenwood employ the plaintiff to act as his attorney, for himself and J. M. Senter, in the Layden case, filed in the District Court of Kaufman County, Texas? Answer Yes or No." Answer: "Yes."

"3. Did J. M. Senter, with the knowledge and consent of the defendant Greenwood, employ the plaintiff to represent the defendants, Greenwood and J. M. Senter, in the suit pending in the District Court of Kaufman County, Texas? Answer Yes or No." Answer: "Yes."

"4. What do you find from the evidence in this case is the reasonable value, if any, of the services, if any, rendered to the defendants Greenwood and Senter, in the Kaufman County District Court case? Answer in dollars and cents." Answer: "$750.00 exclusive of the $104.60."

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the affirmative answers to questions 2 and 3, and the amounts, if any, in answer to questions 1 and 4."

"5. Did the plaintiff, E. G. Senter, accept the check of J. W. Greenwood for $125.00, in evidence before you, in full settlement of the balance of the fee that J. W. Greenwood had agreed to pay him in the Yeldell case? Answer Yes or No." Answer: "No."

"6. When the plaintiff herein, E. G. Senter, was employed by the defendant, J. W. Greenwood, in the Yeldell case, pending in Freestone County, did the plaintiff and the defendant Greenwood agree on the amount of the fee for the services contemplated to

be rendered in said case? Answer Yes or No." Answer: "No."

"The burden is upon the defendant to establish by a preponderance of the evidence the affirmative answer to questions Five and Six."

In keeping with the verdict of the jury, the court entered judgment for the appellee in the sum of $1,250.

The evidence goes to show that the appellee was employed as attorney in the cases mentioned and that he rendered services therein. According to the evidence in behalf of the appellee, he was to be paid a reasonable attorney's fee for each case. According to the evidence in behalf of the appellant, the appellee was employed as an attorney in the cases but for the limited purpose of filing answers in the suit and to aid in such way as might be necessary in settling the controversies without a trial, and that $125 was to be the amount payable to him in the Kaufman county case. Considerable legal work appears to have been done by the appellee in the cases and quite a large recovery in money was had in one. The second suit appears to have been settled by agreement of the parties, although after much labor was performed therein in a legal way by the appellee. At the time of the settlement the appellant tendered a check to the appellee in the sum of $125 drawn on a check with the words thereon, namely: "This check is in full settlement of account shown below on Babbington and Yeldell cases." The appellee did not take and accept the check, as appears, in full settlement of the balance claimed to be due him.

The points made on appeal pertain to complaints of giving and refusing the charges. It is claimed that special issue No. 1 was error because upon the weight of the evidence. The point is that the court assumed that the employment was not for a fixed and certain fee for services to be rendered. That point was submitted in issue No. 6, wherein it was required, as seen, of the jury to answer whether or not the appellee was employed in the Yeldell Case on the basis of an agreed amount of fee.

The second complaint is that there was error in submitting question No. 5 in the form done. The objection is that the following issue should have been submitted: "Was the check for $125.00, dated March 3, 1923, given to E. G. Senter in full settlement of the balance due him by J. W. Greenwood on the plaintiff's fee in the Babbington and Yeldell cases?" The question at real issue was whether or not the check as given was accepted in the terms of the endorsement on it.

Further complaint is made of the charge with respect to the burden of proof.

The burden of proof was placed upon appellant in respect to the check for $125 as constituting payment in termination of liability for attorney's fees. Whether or not a transaction constitutes payment in termination of liability depends upon the intention of the parties, and acts which might otherwise constitute payment will not do so when the parties do not so intend. The burden of payment as a defense in termination of liability was on appellant, and the burden here, in view of the evidence, did not shift from the appellant. 48 C. J. § 81 p. 639.

There are other assignments of error presented which we have carefully considered and conclude that they should be overruled.

It is believed there is no error authorizing the reversal of the judgment, and it is accordingly affirmed.