## LOWE v. MASTERSON.
### No. 1545.

Court of Civil Appeals of Texas. Eastland.

April 17, 1936.

Rehearing Denied May 15, 1936.

Cantey, Hanger & McMahon, of Fort Worth, and J. C. Patterson, of Benjamin, for appellant.

D. J. Brookreson, of Benjamin, for appellee.

GRISSOM, Justice.

Appellee sued appellant upon a promissory note for the principal sum of $885.50, showing a credit of $511.75 on July 8, 1932. Appellant answered that payment of the note was made on July 8, 1932, by a settlement with appellee, whereby appellant delivered to appellee certain crops, etc., "in full settlement, liquidation and satisfac-

tion of any sums due and owing by him upon the promissory note" sued on. By way of cross-action appellant further alleged that at the same time he delivered to appellee some mules with the agreement that the mules were to be returned to appellant after the crops had been harvested and sold; that the mules were not returned, but were converted by appellee "to the defendant's damage in the sum of $300." He further alleged that appellee was indebted to him in the sum of $125 for usurious interest charged to have been collected from him by appellee, for which he sought judgment. Appellant further alleged that the bill of sale to the crops, mules, etc., was procured by the fraud of appellee, and he prayed that it be set aside and held for naught.

The jury found in answer to appropriate issues: (a) That appellee did not make a full and complete settlement of the note sued upon with appellant (by delivery of the crops, mules, etc.) on July 8, 1932; (b) that appellee did not agree to return the mules; and (c) that the bill of sale was procured by fraud. No other issue was submitted, except one as to the value of the mules delivered, which issue was not answered, nor required to be answered, due to the finding that appellee did not agree to return them.

The court entered judgment for the appellee on the note with a credit of $511.75 of date July 8, 1932, as prayed for by the appellee.

Appellant contends that the judgment is fundamentally erroneous because the issues submitted were all defensive, and there was no jury finding which entitled appellee to judgment, and further because the trial court having failed to submit any issue entitling appellee to recover, and appellee having failed to request such an issue, the appellee thereby waived his entire cause of action. Appellant also complains of findings of fact by the trial court.

It has been definitely determined that the court cannot supplement the jury's verdict by a finding on an independent ground of recovery or defense when the evidence is conflicting on such finding. It is equally as well established that such ground of recovery or defense if in dispute is deemed waived by the party who has the burden of proving it if it is not submitted to the jury and no request is made for its submission. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith (Tex.Com.App.) 1 S.W.(2d) 591; Barron v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 36 S.W.(2d) 464. But, a ground of recovery that is established by the undisputed testimony is not waived by the failure of the court to submit it, or the failure of the party who has the burden of proving it to request its submission. It is only disputed issues of fact which should be submitted to a jury for its determination. Livezey v. Putnam Supply Co. (Tex.Civ.App.) 30 S.W.(2d) 902; Emergency Clinic v. Continental Inv. Co. (Tex.Civ.App.) 41 S.W.(2d) 640; Humble Oil & Refining Co. v. Ooley (Tex.Civ. App.) 46 S.W.(2d) 1038; Whittington et al. v. Glazier (Tex.Civ.App.) 81 S.W.(2d) 543.

But one defense to the note was alleged. That defense was that by agreement between the parties, defendant delivered his crops, etc., to appellee on July 8, 1932, as full payment of the note. The jury found that no such agreement was made. The jury also found against the appellee on the only ground of recovery on his cross-action which was supported by testimony or submitted to it for a fact finding.

It is true, the jury found that the bill of sale was procured by fraud. However, the appellee's suit was not based upon a bill of sale. This was a plain suit upon a promissory note showing certain credits. What damages appellant suffered, if any, by reason of the fraudulent procurement of the bill of sale is not found.

Appellant's plea of payment of the note by delivery of certain property to appellee with an agreement that said property was to be received by appellee in full settlement and payment of the note sued on was, in effect, a plea of confession and avoidance. By such plea, appellant admitted appellee's cause of action once existed, but charged that it ceased to exist by virtue of the delivery of the property and agreement to that effect. The burden of proving such payment was on appellant, and the jury found against him on the issue. "Standing alone, the plea dispenses with proof by the plaintiff of his cause of action, though a promissory note upon which the action is founded should nevertheless be produced." 32 Texas Jur. p. 698, § 36; Matossy v. Frosh, 9 Tex. 610; Pierce v. Baker (Tex.Civ.App.) 238 S.W. 699; Baker v. Pierce (Tex.Civ.App.) 248 S.W. 439; Id. (Tex.Com.App.) 259 S.W. 921.

534

The plaintiff is not required to prove that the note has not been paid. The burden·of proving payment, whole or partial, other than credits shown upon the note by appellee, was on the appellant. The appellant having failed to establish payment, and having failed on his cross-action, and the appellee having introduced the note with a certain credit, the court could do nothing but enter judgment for the appellee for the amount shown by the note to be due thereon. Jones on Evidence, Civil Cases (3d Ed.) § 180; Bannister v. Wallace, 14 Tex.Civ.App. 452, 37 S.W. 250; Biggs v. Doak (Tex.Civ.App.) 260 S.W. 882; Hall Music. Co. v. Robinson (Tex.Civ. App.) 7 S.W.(2d) 625; Greenwood v. Senter (Tex.Civ.App.) 44 S.W.(2d) 504; Id. (Tex.Com.App.) 61 S.W.(2d) 812; 32 Texas Jur. 710, § 41. The execution and delivery of the note not being denied but admitted, there was no issue of fact required to be submitted to the jury as a prerequisite to appellee's recovery. Johnston v. Jefferson, 31 Tex. 332; 6 Tex.Jur. p. 1005, § 312; Gaines v. Brown (Tex.Civ.App.) 177 S.W. 220; Speer on Special Issues, §§ ·163 and 456; Traders' & General Ins. Co. v. Line (Tex.Civ.App.) 70 S.W.(2d) 787; American Surety Co. v. Hill County (Tex. Com.App.) 267 S.W. 265.

The judgment is affirmed.