## OTTENHOUSE v. ABERNATHY.
### No. 12285.

Court of Civil Appeals of Texas. Dallas.
Nov. 20, 1937.

Smith & Dowdy, of McKinney, for appellant.

Truett, Abernathy & Wolford, of McKinney, for appellee.

YOUNG, Justice.

This is an appeal from a suit originating in the district court of Collin county, wherein appellee, J. E. Abernathy, independent executor of the will and estate of Christine Ottenhouse, deceased, recovered judgment against appellant, H. E. Ottenhouse, sued as independent executor of the will and estate of Harriet Ottenhouse, deceased, for $1,189.49 and interest, upon a jury trial of date February 10, 1936.

Appellant's first and second assignments of error relate to the overruling by the trial court of pleas in abatement and to the jurisdiction, on the ground that, although Harriet Ottenhouse by her will appointed H. E. Ottenhouse independent executor, without bond, in the probate thereof in the county court, he was, under the terms of the judgment, made a regular executor only and not an independent executor, and that the probate court alone had jurisdiction of the claims of Christine Ottenhouse, deceased, against appellant's estate.

Christine Ottenhouse died in Collin county, Tex., about November 7, 1934, leaving a will in which she appointed appellee, J. E. Abernathy, independent executor thereof. Harriet Ottenhouse, mother of said Christine Ottenhouse, deceased, died July 31, 1930, in Collin county, and item 7 of her last will, as probated, reads: "Reposing special confidence in my beloved son, H. E. Ottenhouse, and my beloved daughter Christine Ottenhouse, I hereby appoint them executor and executrix, respectively, of my estate, and it is my desire that no bond be required of either of them in the execution of this trust, and that no further action be had in the Probate Court, except to probate this my last will and testament, and return an inventory and appraisement of my property."

We here set forth the judgment of the county court, admitting the above will to probate, after issuance of statutory notices:

"This the 26th day of August 1930, came on to be heard the written application of H. E. Ottenhouse, a resident of Zavalle County, Texas, and Christine Ottenhouse, a resident of Collin County, Texas, for the probate of a certain instrument in writing, dated the 15th day of March, 1918, and now produced in Court, being filed herein with said application on the 4th day of August, 1930, purporting and alleged to be the last will of Harriet Ottenhouse, deceased, and due proof being taken in the manner required by law and it being proved to the satisfaction of the court that this court has jurisdiction of this estate; that citation has been duly issued, served and returned in the manner and for the length of time required by law; that the testatrix, Harriet Ottenhouse, at the time of executing said will was at least twenty-one years of age, was of sound mind, and died on the 31st day of July 1930 at Mc-Kinney, in Collin County, Texas; that such testatrix executed such will with the formalities and solemnities and under the circumstances required by law to make it a valid will; that the same has not been revoked by such testatrix; and that it is entitled to probate; and it further appearing that the applicants, H. E. Ottenhouse and Christine Ottenhouse, were named in said will as independent executor and executrix, respectively; that they are entitled by law to letters and are not disqualified by law from accepting letters, and that there is a necessity for administration on said estate;

"It is therefore ordered, adjudged and decreed that the said will on file herein, be and the same is hereby admitted to probate and record as the last will of the said Harriet Ottenhouse, deceased, and the testimony given in this proceeding shall be recorded in the minutes of this Court; And it is further ordered, adjudged and decreed that administration be granted upon the estate of the said Harriet Ottenhouse, deceased, and that the said H. E. Ottenhouse and Christine Ottenhouse, applicants herein, receive letters testamentary upon their taking the oath required by law, no bond being required of them under the terms of said will, and when the said H. E. Ottenhouse and Christine Ottenhouse shall have qualified according to law, the Clerk of this Court will issue letters in accordance with this judgment.

"And it appearing that H. E. Morgan, J. K. P. Shrader and A. M. Russell are disinterested persons, they are hereby appointed appraisers to appraise the said estate of Harriet Ottenhouse, deceased."

Later, H. E. Ottenhouse made and filed his oath to well and truly perform all of the duties of executor under the said will of the estate of Harriet Ottenhouse, deceased, and a claim for funeral expenses was allowed against said estate, by both H. E. Ottenhouse and Christine Ottenhouse, each signing as "administrator." The inventory and appraisement of appellant estate was signed "Christine Ottenhouse, H. E. Ottenhouse, Ex'r," and numerous checks given by them were signed either as "executors" or as "Executors of the Estate of Harriet Ottenhouse, Deceased." No further proceedings appeared to have been had in the county court as to this estate, except the above filed claim for funeral expense and the inventory and appraisement just referred to; nor do letters testamen-

tary appear to have been issued to either party named as executor and executrix, respectively.

■ To our minds, the main question for decision here is as to the dominant intention of the testatrix, Harriet Ottenhouse, under said item 7 of her will. John Hancock Mutual Life Ins. Co. v. Duval (Tex.Civ.App.), 96 S.W.2d 740. In this case, she unquestionably intended the two children named to act as executors, independently of the probate court, and such being established, upon probate of the will, their appointment follows in terms of the law as a mere routine of duty on the part of the county court. Indeed, it is held in Connellee v. Roberts, 1 Tex.Civ.App. 363, 23 S.W. 187, and in Patten v. Cox, 9 Tex. Civ.App. 299, 29 S.W. 182, 184, 185, that an independent executor's qualification is complete upon probate of the will, and his acceptance with return of an inventory, when required by law, and it is not essential that he take an oath. And Journeay v. Shook, 105 Tex. 551, 152 S.W. 809, intimates that an independent executor qualifies simply by taking the oath. We find nothing in the language of the judgment probating the will which curtails the authority given therein that the named appointees are to be independent executor and executrix of the estate of the said deceased; nor do the official acts or conduct of said H. E. Ottenhouse indicate a recognition of any control or supervision of the said probate court. Such acts or conduct on the part of either H. E. or Christine Ottenhouse, as trustees of their mother's estate, become immaterial under the express terms of the will of Harriet Ottenhouse, deceased, after its probate and recordation, as provided by law. Article 3436, R.S. Nor could they thus change the true status of this trust. Incidentally, H. E. Ottenhouse, in his original answer in this cause, filed in April, 1935, designates himself as "Independent Executor of the Estate of Harriet Ottenhouse, Deceased."

Somewhat analogous in fact and quite similar in principle is the case of Woods v. Bradford (Tex.Civ.App.) 284 S.W. 673, 674, 675, where it was held that an independent executor was bound by a judgment in the true representative capacity which he bore to the estate, though judgment and execution was against him only as administrator. The court said:

"W. H. Bradford was not the administrator of the estate of his decedent administering the same under the direction and control of the probate court. On the contrary, he was an executor administering the estate free of control by the probate court, and in such cases execution may lawfully issue upon a judgment obtained against the executor, which may be satisfied out of the estate of the testator subject to execution in the hands of the executor. Article 3363, R.S.1911. Appellants do not question that execution may issue in such cases. Their position is that the judgment and execution was against W. H. Bradford as administrator, and therefore article 3363 has no application.

"(2) But W. H. Bradford in truth and in fact was an executor to whom article 3363 applies. His designation in the judgment and execution as administrator was a mere misnomer, and the judgment bound him and the estate of his decedent in the true representative capacity which he bore to such estate. Abilene Independent Telephone & Telegraph Co. v., Williams, 111 Tex. 102, 229 S.W. 847; 34 C.J. 559."

The following cases in appellee's brief are fully in point: Lovejoy v. Cockrell (Tex.Com.App.) 63 S.W.2d 1009; Frame v. Whitaker (Tex.Civ.App.) 7 S.W.2d 140; Ellis v. Mabry, 25 Tex.Civ.App. 164, 60 S.W. 571; Ware v. Barfield (Tex.Civ. App.) 54 S.W.2d 1105; Journeay v. Shook, 105 Tex. 551, 152 S.W. 809; Martin v. Dial et al. (Tex.Com.App.) 57 S.W.2d 75, 89 A.L.R. 571; McCanless v. Clough (Tex. Civ.App.) 298 S.W. 643; Fernandez v. Holland-Texas Hypoteek Bank of Amsterdam, Holland (Tex.Civ.App.) 221 S.W. 1004; Pepper v. Walling (Tex.Civ.App.) 195 S.W. 892; Stephens v. Dennis (Tex. Civ.App.) 72 S.W.2d 630.

■ We have considered the above assignments of appellant over the objection on the part of appellee that such pleas were waived, they being not filed in due order of pleading. Appellee's propositions thereto are sound in view of the filing by appellant of his original answer prior to the above preliminary pleas, but we have nevertheless reviewed such assignments on the theory that they present such matters of jurisdiction as are fundamental and susceptible of being raised at any time, either in the trial or appellate court. Rister et al. v. Plowman et al. (Tex.Civ.App.) 98 S.W. 2d 264.

■ Appellant's remaining assignments and propositions relate to the refusal of the learned trial court to give the follow-

ing special instruction: "You are instructed that the burden of proof is upon the plaintiff to show that the notes and alleged contract sued upon have not been paid off or discharged." A complete answer to such contention is contained in Pierce v. Baker, 238 S.W. 699, 700, opinion by Justice Levy of the Texarkana Court of Civil Appeals, where a reversal resulted from the giving by the trial court of a similar instruction in a case identically the same as here.

The Pierce v. Baker Case, above, has been approved by our Supreme Court, in Commercial Inv. Trust, Inc., v. Smart et al., 123 Tex. 180, 67 S.W.2d 858, 69 S.W. 2d 35, 36, wherein it is held: "Article 2014, Rev.St.1925, requires that 'payment' must be specially pleaded and cannot be shown under a general denial only; the burden of proving payment is on the defendant. Pierce v. Baker (Tex.Civ.App.) 238 S.W. 699; Biggs v. Doak (Tex.Civ.App.) 260 S.W. 882; Matossy v. Frosh, 9 Tex. 610; Marley v. McAnelly, 17 Tex. 658; Hander v. Baade, 16 Tex.Civ.App. 119, 40 S.W. 422; Eastham v. Patty, 29 Tex.Civ.App. 473, 69 S.W. 224. 'Payment' is therefore an affirmative defense, tendering an affirmative issue and necessitating the establishment by the defendant of the truth of the alleged payment of the debt sued on. .Pierce v. Baker, supra." See, also, 24 C.J. 859; Travis v. Kennedy (Tex.Civ.App.) 66 S.W. 2d 444, cited in appellee's brief.

All assignments of error of appellant are accordingly overruled, and this case is in all things affirmed.

Affirmed.